# United States Court of Appeals for the Federal Circuit

2009-3121

BENJAMIN DELA ROSA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Benjamin Dela Rosa, of Nagbunga, Castillejos, Philippines, pro se.

Christopher A. Bowen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3121

BENJAMIN DELA ROSA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080451-I-1.

_____

DECIDED: September 22, 2009

_____

Before MICHEL, Chief Judge, NEWMAN and PROST Circuit Judges.

NEWMAN, Circuit Judge.

Benjamin Dela Rosa, pro se, appeals the decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ruling that Mr. Dela Rosa is ineligible to make a deposit into the Civil Service Retirement System (CSRS).[1] We affirm.

BACKGROUND

Mr. Dela Rosa worked as a civilian employee of the Department of the Navy at the Navy Public Works Center at Subic Bay in the Philippines for twenty-five years, from 1967

---

[1]    Dela Rosa v. Office of Pers. Mgmt., No. SF-0831-08-0451-I-1 (Merit Sys. Prot. Bd. Dec. 4, 2008).

to 1992. When he was hired as Helper Diesel Electric Plant Controlman, his position was an indefinite appointment designated in the excepted service, and his subsequent appointments were also either indefinite or "not-to-exceed" appointments. As indicated on the several Standard Forms 50 ("SF-50s") submitted by Mr. Dela Rosa to the Board, no deductions for the CSRS were ever withheld from his pay. Upon his retirement in 1992, Mr. Dela Rosa received "retirement pay equivalent to 105% of 25 months basic pay." This retirement or severance payment came as a result of a collective bargaining agreement negotiated between Mr. Dela Rosa's union, the Federation of Filipino Civilian Employees Association (FFCEA), and the U.S. Armed Forces Bases in the Philippines.

Fifteen years after his retirement, on May 24, 2007 Mr. Dela Rosa submitted an application to make a deposit, comprising a percentage of his pay with interest, into the CSRS.[2] The Office of Personnel Management (OPM) denied his application on September 11, 2007, stating that he could not make a deposit because he was not a current federal employee. OPM denied Mr. Dela Rosa's subsequent petition for reconsideration on April 1, 2008. Mr. Dela Rosa then appealed to the Board.

In an initial decision dated August 28, 2008, the administrative judge (AJ) affirmed the decision of OPM. Dela Rosa v. Office of Pers. Mgmt., No. SF-0831-08-0451-I-1 (Merit Sys. Prot. Bd. Aug. 28, 2008) ("Initial Decision"). The AJ cited several reasons why Mr. Dela Rosa was ineligible to make a contribution to the CSRS Fund, noting that the applicant bears the burden of proving entitlement to the benefit he seeks by a preponderance of the evidence. 5 C.F.R. §1201.56(a)(2). First, the AJ stated that the

---

[2] Mr. Dela Rosa also initially applied for a deferred retirement. This application was also denied, but Mr. Dela Rosa did not pursue this issue before the Board, concentrating solely on his alleged right to make a contribution to the CSRS.

statute allowing employees to make deposits into the CSRS for service for which retirement deductions from pay have not been made, 5 U.S.C. §8334(c), limits this option to current employees, citing the definition of "employee" at 5 U.S.C. §2501(a), and that as a retiree Mr. Dela Rosa did not fall within this class. See Floresca v. Office of Pers. Mgmt., 69 M.S.P.R. 93, 98 (1995) ("[O]nly employees may deposit money into the Retirement Fund.").

Second, the AJ discussed the Board's opinion in Noveloso v. Office of Personnel Management, 45 M.S.P.R. 321 (1990), aff'd, 925 F.2d 1478 (Fed. Cir. 1991) (Table), which clarified the role played by "creditable service" and "covered service" in determining whether an individual is eligible for a CSRS retirement annuity. Pursuant to 5 U.S.C. §8333(a)–(b), to qualify for a CSRS retirement annuity, "an employee must complete at least five years of creditable civilian service, and must have served at least one of her last two years of Federal service in a covered position." Noveloso, 45 M.S.P.R. at 324. The AJ observed that while Mr. Dela Rosa met the creditable service requirement, he was not eligible to participate in the CSRS because none of his service was "covered." The AJ rejected Mr. Dela Rosa's argument that it was irrelevant whether any of his service was "covered" because he only seeks to make a deposit into the CSRS, and is not requesting retirement benefits at this time. The AJ stated:

> Apparently, the appellant would have the Board find that he merely wants to make a charitable contribution to the [CSRS] Fund, without ascertaining whether his contribution would result in his eligibility for retirement benefits. I decline to engage in the fiction that the appellant proposes. . . . Board precedent simply does not convert uncovered service to covered service merely because the service was creditable, nor does the making of a deposit render the question of whether the employee was serving in a covered position moot, as suggested by the appellant.

Initial Decision at 8–9.

Third, the AJ found that Mr. Dela Rosa had received retirement benefits under a separate program negotiated by the FFCEA and the U.S. Armed Forces, which excludes him from eligibility for a CSRS annuity pursuant to 5 U.S.C. §8331(1)(ii) (an "employee" for the purposes of the CSRS "does not include . . . an employee subject to another retirement system for Government employees").

Fourth, the AJ rejected Mr. Dela Rosa's argument that OPM regulations, specifically 5 C.F.R. §831.2104(b), allow him to make a deposit, noting that this regulation covers military service, not civilian service, and that Mr. Dela Rosa had no military service.

Mr. Dela Rosa petitioned the Board for review of the AJ's initial decision, but the petition was denied on December 4, 2008, rendering the AJ's decision the final decision of the Board. This appeal followed.

DISCUSSION

Our scope of review of a decision of the Board is limited. The Board's decision is affirmed unless we conclude that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c); see also Kochanny v. Bureau of Alcohol, Tobacco & Firearms, 694 F.2d 698, 700 n.3 (Fed. Cir. 1982).

Mr. Dela Rosa argues the he should have been permitted to make a retroactive deposit into the CSRS pursuant to 5 U.S.C. §8334(c), stating that he was not given an opportunity to make such an election upon his separation from federal service because of "administrative error" and because he was unaware of the relevant law and regulations at that time. Pet'r Br. ¶2. He asserts that for the purpose of making a deposit under

§8334(c), it is enough that his service was "creditable," and that it is not required that his service was "covered" under the CSRS.

The government responds that Mr. Dela Rosa is mistaken in asserting that an applicant who wishes to make a deposit into the CSRS need not have any covered service, stating that 5 U.S.C. §8333(b) specifically requires at least one year of service during which the employee is covered under the CSRS. The government maintains that because Mr. Dela Rosa has presented no evidence that he had any covered service, and because the SF-50s in the record show that his appointments were not covered under the CSRS, which is further confirmed by this court's decision in Quiocson v. Office of Personnel Management, 490 F.3d 1358, 1360 (Fed. Cir 2007) (service rendered "exclusively under temporary and indefinite appointments" is "excluded from CSRS retirement coverage under OPM regulations"), he is ineligible to participate in the CSRS. The government states that to allow a former employee to make a retroactive deposit into the CSRS, despite his lack of any covered service, would essentially allow any worker to convert his service into covered service and thereby establish eligibility for a CSRS retirement annuity, "contrary to the statutory and regulatory exclusion from coverage of all employees holding indefinite appointments." Resp't Br. 14–15 (quoting Quiocson, 490 F.3d at 1360).

Mr. Dela Rosa cites 5 C.F.R. §831.112(a) as the relevant regulation for determining who can make a deposit pursuant to 5 U.S.C. §8334(c). Unlike the general definition for "employee" provided at 5 U.S.C. §2105(a), upon which the Board relied, this regulation specifically provides that a "former employee" can make a contribution or deposit:

> **5 C.F.R. §831.112(a)** Determinations involving an employee's ability to make a deposit or redeposit. A person may make a deposit or redeposit under section 8334 of title 5, United States Code, if he or she is an "employee." For purposes of this paragraph, an employee is—

(1) A person currently employed in a position subject to the civil service retirement law; or

(2) A former employee (whose annuity has not been finally adjudicated) who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part) in the Civil Service Retirement and Disability Fund.

Mr. Dela Rosa argues that this regulation, when read in harmony with 5 C.F.R. §831.111(b)(1)(ii), which allows an employee to make a deposit when through "administrative error" his agency did not withhold employee deductions for any pay period, suggests that as a former employee he should be able to make a deposit any time before his annuity rights have "been finally adjudicated."[3]

The government contends that Mr. Dela Rosa could not make a deposit fifteen years after his retirement because 5 C.F.R. §831.112(a)(2), on which he relies, only applies to former employees who had covered service rendering them eligible for a CSRS annuity. See id. §831.112(a)(2) ("a former employee . . . who retains civil service retirement annuity rights"). Thus, the government argues that Mr. Dela Rosa is ignoring the key language of that regulation: he did not "retain civil service retirement annuity rights" upon retirement, for he never had such rights. Moreover, Mr. Dela Rosa has provided no evidence of any

---

[3] Mr. Dela Rosa cites as support for his position Dorry v. Office of Personnel Management, 35 M.S.P.R. 264 (1987), but in that case the Board allowed a woman with four-and-a-half years of covered service in the Peace Corps to redeposit retirement deductions that had been refunded to her on separation because she was a member of a class that had succeeded in proving that certain prior service in Iran was creditable service, bringing her total years of service to more than the requisite five years. The Board stated, "under a stipulation entered in that case, the Civil Service Commission agreed to accept deposits from the plaintiffs regardless of whether they were retired." Id. at 266. In contrast, Mr. Dela Rosa has not shown that he had any covered service, and he has not shown evidence of any stipulation or other agreement permitting him to make a deposit despite his status as a retiree rather than current employee.

"administrative error" that resulted in his service being outside the CSRS system. Thus, while the Board itself did not cite or rely on §831.112(a)(2), the government argues that this regulation makes it even more clear that Mr. Dela Rosa was not within the class of persons eligible to make a deposit pursuant to 5 U.S.C. §8334(c).

We conclude that the government's reading of §831.112(a)(2) is correct, for it allows a "former employee" to make a deposit only if that former employee is already covered by the CSRS. In light of §831.112(a)(2), we conclude that the Board correctly ruled that Mr. Dela Rosa is not within the class of persons permitted to make a deposit pursuant to §8334(c).

Mr. Dela Rosa also argues that the Board erred in ruling that his receipt of severance pay under the collective bargaining agreement negotiated by the FFCEA precluded his participation in the CSRS pursuant to 5 U.S.C. §8331(1)(ii). Mr. Dela Rosa contends that the fact that the agreement was registered in accordance with Philippine law, was not enacted as United States law, and was entered into by an agency that he alleges had no authority to bind the federal government suggests that the agreement does not constitute "another retirement system" of the kind contemplated in §8331(1)(ii). He asserts that "another retirement system" can only be a program created by statute or regulation and administered by a federal agency, and notes that the FFCEA's collective bargaining agreement is not listed on federal forms SF-50 as among the choices for "retirement plans."

The government responds that precedents of this court and of the Board establish that the FFCEA's agreement with the Armed Forces did create "another retirement system" for the purposes of 5 U.S.C. §8331(1)(ii). Quiocson, 490 F.3d at 1360 ("Mr. Quiocson was covered by a different retirement system, the FEPI. His receipt of benefits under a non-

CSRS plan indicates that his service was not covered under the CSRS."); <u>De Guzman v. Dep't of Navy</u>, 231 Ct. Cl. 1005 (1982) (per curiam) (concluding that because petitioner was covered by the FFCEA collective bargaining agreement, §8331(1)(ii) excluded him from CSRS eligibility); <u>see also</u> <u>Fredeluces v. Office of Pers. Mgmt.</u>, 57 M.S.P.R. 598, 602 (1993) (appellant's receipt of payment under the collective bargaining agreement "provid[es] additional support for the conclusion that his service was not covered"); <u>Portacio v. Office of Pers. Mgmt.</u>, 52 M.S.P.R. 396, 400 n.3 (1992) (stating that notation on SF-50 that appellant received "retirement pay" under a collective bargaining agreement is an "indication[] that this service is not covered"). Mr. Dela Rosa argues that we should overrule these precedents, but he has shown no error in the reasoning of these decisions and has raised no persuasive reason for revisiting this settled law.

As the AJ observed, it appears that Mr. Dela Rosa is seeking to make a deposit into the CSRS Fund in hopes of somehow establishing eligibility for a CSRS retirement annuity in the future. We conclude that the Board properly ruled that Mr. Dela Rosa is not eligible to make such a deposit, as he has no covered service and is not eligible to participate in the CSRS. We have considered Mr. Dela Rosa's additional arguments and conclude that they do not require a different result. The decision of the Board is affirmed.

No costs.

AFFIRMED