NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JULIAN E. PUNONGBAYAN,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3136

---

Petition for review of the Merit Systems Protection Board in consolidated case nos. SF0831100634-I-1 and SF0831100635-I-1.

---

Decided: November 15, 2011

---

JULIAN E. PUNONGBAYAN, of Olongapo City, Philippines, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General,

JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

———————————

Before NEWMAN, PLAGER, and LINN, *Circuit Judges.*

PER CURIAM.

Julian E. Punongbayan petitions for review of a final decision of the Merit Systems Protection Board (Board) denying him a retirement annuity under the Civil Service Retirement System (CSRS).[1] The Board affirmed a decision of the Office of Personnel Management (OPM) finding that Mr. Punongbayan was not entitled to an annuity and not entitled to make a credit deposit into the CSRS based on his service with the Department of the Navy ("Navy"). We *affirm.*

Mr. Punongbayan worked for the Navy at the U.S. Naval Supply Department at Subic Bay in the Philippines from April 28, 1965 to September 25, 1978. During that time, Mr. Punongbayan held several positions: (1) Clerk Typist, (2) Supply Clerk, and (3) Supply Technician. Each of these positions were either temporary or indefinite appointments in the excepted service—meaning that they were excepted from competitive service as defined in 5 U.S.C. § 2102.

Mr. Punongbayan sought to make a deposit for his prior service into the CSRS under 5 U.S.C. § 8334. Because positions within the excepted service are not cov-

————————————————

[1] *Punongbayan v. Office of Pers. Mgmt.*, No. SF-0831-10-0635-I-1 (Aug. 30, 2010) (initial decision); *Punongbayan v. Office of Pers. Mgmt.*, Nos. SF-0831-10-0634-I-1 and SF-0831-10-0635-I-1 (Apr. 1, 2011) ("Final Decision") (final order denying petition for review).

ered by the Civil Service Retirement Act ("CSRA"), OPM determined that he was ineligible to make a deposit.

Mr. Punongbayan appealed OPM's decision and the Board affirmed. *Punongbayan*, Final Decision at 3. The Board further determined that because Mr. Punongbayan is neither currently employed in a position subject to civil service law, nor a former employee who retains retirement annuity rights, he is ineligible to make a deposit into the CSRS system under 5 U.S.C. § 8334. *Id.* This appeal followed.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Under 5 U.S.C. § 8334, former government employees may make credit deposits into the CSRS for prior eligible service. *See* 5 U.S.C. § 8334(c) ("Each employee or Member credited with civilian service after July 31, 1920, for which retirement deductions or deposits have not been made, may deposit with the interest an amount equal to the following percentages of his basic pay received for that service . . . ."). Further, 5 C.F.R. § 831.112(a)(2) specifies that former government employees may make a deposit or redeposit under 5 U.S.C. § 8334 if they "retain[] civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part) in the Civil Service Retirement and Disability Fund." 5 C.F.R. § 831.112(a)(2). If the former employee never held a position covered by the CSRA, they

cannot make a deposit pursuant to 5 U.S.C. § 8334(c). *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). While most years in government service are given credit under the CSRA, not all service is eligible. *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988) (affirming the Board's determination that temporary, indefinite appointments did not qualify as covered service under 5 U.S.C. § 8333); *Casilang v. Office of Pers. Mgmt.*, 248 F.3d 1381, 1383 (Fed. Cir. 2001) (affirming the Board's determination that an indefinite, excepted appointment was not covered by the CSRA).

Because all of Mr. Punongbayan's appointments during his Federal service were temporary or indefinite appointments excluded from CSRA covered service—a fact undisputed by the petitioner—we find no error in the Board's determination that Mr. Punongbayan is ineligible to participate in the CSRS. The decision of the Board is *affirmed*.

## AFFIRMED

## COSTS

Each party shall bear its own costs.