NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILSON CASTROVERDE,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3012

---

Petition for review of the Merit Systems Protection Board in case no.SF0831101038-I-1.

---

Decided: May 10, 2012

---

WILSON CASTROVERDE, of Zambales, Philippines, pro se.

LARTEASE M. TIFFITH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Wilson Castroverde appeals from the Merit Systems Protection Board (Board) decision affirming the denial of his application for a retirement annuity and to make a service credit deposit under the Civil Service Retirement System (CSRS). For the reasons discussed below, we *affirm*.

BACKGROUND

Mr. Castroverde worked as a diesel engine mechanic for the Department of the Navy from 1966-1978. The standard form for his retirement, Form SF-50, lists his retirement plan as "other" or "none," and states he is entitled to twelve months of retirement pay for his creditable service in accordance with the collective bargaining act of January 8, 1976 (CBA).

In 2005, Mr. Castroverde filed an application for retirement under the CSRS. The Office of Personnel Management (OPM) concluded that he was not entitled to a CSRS annuity or to make a service credit deposit under CSRS. On appeal to the Board, the administrative judge (AJ) affirmed OPM's decision. The AJ held that Mr. Castroverde could not make a deposit because he failed to prove he was a current employee in a covered position or that any of his previous positions were covered by CSRS. Although Mr. Castroverde had the required five years of creditable service, he failed to prove that at least one of the last two years of his service was covered under CSRS. The AJ also found that Mr. Castroverde was ineligible for a CSRS annuity because Congress excluded employees subject to another government retirement system and Mr. Castroverde was entitled to retirement under the CBA. The full Board denied Mr. Castroverde's petition for

review. He now appeals to our court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Castroverde contends that the Board incorrectly required him to meet the definition of "employee" under 5 C.F.R. § 831.112(a) because 5 C.F.R. § 831.303(a) independently entitles him to make a deposit. In essence, Mr. Castroverde argues that he is entitled to a CSRS annuity based on his creditable service even if he was never employed in a CSRS-eligible position.

We disagree. To be entitled to a CSRS retirement annuity, an employee must complete at least five years of creditable service with at least one of the last two years prior to separation being in a position covered by CSRS. 5 U.S.C. §§ 8331(12), 8332, 8333. After reviewing Mr. Castroverde's SF-50 forms, the Board concluded that he held various excepted service positions and was never in a position covered by CSRS. Mr. Castroverde does not dispute this finding. Indeed, he admits that he never held a position covered by CSRS. Appellant's Br. at 10. We thus hold that Mr. Castroverde failed to show that the Board's decision denying him a CSRS annuity was arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence.

Mr. Castroverde's claim that he is entitled to make a deposit pursuant to 5 C.F.R. § 831.303(a) and 5 U.S.C.

§ 8334(c) fails for the same reason. Although an employee credited with civilian service for which retirement deductions were not made may later deposit those deductions and thereby obtain credit towards a retirement annuity, 5 U.S.C. § 8334(c), the right to do so is limited to a person designated as an "employee." The associated regulation defines "employee" as either (1) a person currently employed in a CSRS-eligible position or (2) a person formerly employed in such a position who is entitled to a CSRS annuity. 5 C.F.R. § 831.112(a). This regulation "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Mr. Castroverde is incorrect that 5 C.F.R. § 831.303(a) allows him to make a deposit based solely on his creditable service regardless of whether he has ever held a position covered by CSRS.

Finally, Mr. Castroverde does not dispute the Board's finding that he was entitled to retirement under the CBA. Under 5 U.S.C. § 8331(L)(ii), an employee is excluded from coverage under CSRS if he or she is "subject to another retirement system for Government employees." Mr. Castroverde failed to show that the Board erred by concluding that he is ineligible for CSRS because he is subject to another government employee retirement system. We have considered Mr. Castroverde's arguments on appeal and find them to be without merit.

**AFFIRMED**

Costs

No costs.