NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUANITO IZON,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3094

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-13-4901-I-1.

---

Decided: November 7, 2014

---

JUANITO IZON, of San Juan, San Narciso, Philippines, *pro se.*

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Juanito Izon *pro se* appeals the Merit Systems Protection Board's decision affirming the Office of Personnel Management's denial of his application for an annuity under the Civil Service Retirement System. To prevail, Mr. Izon must establish that he completed at least five years of creditable service with at least one of the last two years before separation being completed in a "covered service." Because Mr. Izon has not shown that any of his employment constituted a "covered service," we *affirm*.

## BACKGROUND

Mr. Izon worked for the Department of the Navy at the Subic Bay Naval Base in the Philippines from 1966 to 1992. In 1992, he resigned from his position as an Electronics Mechanic to take early retirement. Retirement deductions were not withheld from Mr. Izon's pay during his employment, and he appears to have been eligible for a lump sum retirement benefit equivalent to 85% of 24 months of basic pay under the U.S. Forces early retirement plan.

In February 2013, Mr. Izon applied for a deferred retirement annuity under the Civil Service Retirement System (CSRS). The Office of Personnel Management (OPM) denied Mr. Izon's application. He then appealed to the Merit System Protection Board (the "Board"), which affirmed on the basis that Mr. Izon did not establish that any of his employment is a "covered service" under the Civil Service Retirement Act (CSRA). Mr. Izon timely appealed to this Court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2011).

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 764 (Fed. Cir. 2009). To qualify for a civil service retirement annuity, Mr. Izon must have completed at least five years of "creditable" service, of which at least one of his last two years before separation were completed in a "covered service." 5 U.S.C. § 8333; *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Most service is "creditable," but not all is "covered." *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). To be "covered," the service must be subject to the Civil Service Retirement Act, and the employee must deposit part of his pay into the Civil Service Retirement and Disability Fund (CSRDF). *Id.*

On appeal, Mr. Izon appears to argue that, under 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a), he should be allowed to retroactively contribute to the CSRDF, and thereby become eligible for a CSRS annuity. Section 831.303(a) provides, in part:

> Periods of creditable civilian service performed by an employee or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity under subchapter III of chapter 83 of title 5, United States Code; however, if the employee, Member, or survivor does not elect either to complete the deposit describes [sic] by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

Mr. Izon appears to contend that under this regulation he is an "employee," and as such is permitted to retroactively contribute to the CSDRF for his service until October 1, 1982.

Whether Mr. Izon qualifies as an "employee" under section 831.303(a) and 5 U.S.C. § 8334(c) is determined according to 5 C.F.R. § 831.112(a). *Dela Rosa*, 583 F.3d at 765; 5 C.F.R. § 831.303(a). A prerequisite for an individual to qualify as an "employee" under § 831.112(a) is that the individual's position be a "covered service." *Id.* Having reviewed the record before us, we are unable to find any basis to hold that any of Mr. Izon's service of employment was a "covered service." For example, his SF-50s state that throughout his employment, his retirement plan was either "none" or "other," indicating that his position was not a "covered service." Nor has Mr. Izon cited to any other evidence indicating that his position was nonetheless a "covered service." As a result, Mr. Izon is not an "employee" for the purpose of the authority to make retroactive deposits under 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a). For this reason we affirm the decision of the Board.

CONCLUSION

Because Mr. Izon has not shown that any of his employment was a "covered service," we *affirm* the Board's decision affirming OPM's denial of Mr. Izon's application for annuity under CSRS.

**AFFIRMED**

COSTS

Each party shall bear its own costs.