**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ARTEMIO F. MORALES,
              Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
              Agency.

DOCKET NUMBER
SF-0831-14-0087-I-1

DATE: November 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Patrick Jennings</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying the appellant's application for a deferred retirement annuity under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is a former employee of the U.S. Navy in Subic Bay, Philippines. Initial Appeal File (IAF), Tab 4 at 28. The appellant was initially appointed to the position of Maintenanceman in September 1962 but was subject to a reduction in force in March 1964. IAF, Tab 10 at 32. He was then rehired in July 1964. *Id*. In April 1972, the appellant was promoted to the position of carpenter. IAF, Tab 4 at 29, Tab 10 at 23. The appellant's tour of duty was changed to 4 days per week in June 1990. IAF, Tab 10 at 11. He retired in September 1992. IAF, Tab 4 at 28.

¶3        In 2013, the appellant submitted an application for deferred retirement. *Id*. at 26-27. OPM denied the application. *Id*. at 7. The appellant filed a Board appeal challenging OPM's decision. IAF, Tab 1. He did not request a hearing. *Id*. The administrative judge issued an initial decision affirming OPM's finding

that the appellant had not met his burden of proving his entitlement to make a deposit or receive an annuity under the CSRS. IAF, Tab 13, Initial Decision at 8.

¶4 On petition for review, the appellant argues that the administrative judge erred in considering his entitlement to an annuity based upon all of his service because he is only requesting an annuity for service between April 1972 (when he was appointed to the appropriated fund position of carpenter) and September 1982. Petition for Review (PFR) File, Tab 1 at 1-3. The appellant also argues that, although he has not made a deposit with respect to this service, based upon his interpretation of 5 U.S.C. §§ 8333, 8334(c), and 8339, and 5 C.F.R. § 831.303(a), a deposit under the CSRS is presumed for the period prior to October 1, 1982.[2] *Id*. at 9. OPM has responded in opposition. PFR File, Tab 4.

¶5 To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least 5 years of creditable service, and at least 1 of the 2 years before separation must be in "covered service." 5 U.S.C. § 8333(a)-(b). Covered service includes only appointments subject to the Civil Service Retirement Act (CSRA) for which employees must deposit part of their pay into the Civil Service Retirement and Disability Fund. *Anahaw v. Office of Personnel Management*, 85 M.S.P.R. 646, ¶ 4 (2000).

¶6 The appellant claims entitlement to a retirement annuity based upon his service between April 1972 and September 1982. PFR File, Tab 1 at 1-3. In April 1972, the appellant was promoted to the position of carpenter. IAF, Tab 4 at 29, Tab 10 at 23. The Notice of Personnel Action for this promotion reflects that the appellant was in tenure group 1 (permanent employee). IAF, Tab 10 at 23. The appellant claims that, because he was a permanent employee beginning

---

[2] The appellant claims that the Department of the Navy discriminated against him on the basis of national origin by failing to inform him of an opportunity to participate in the CSRS. PFR File, Tab 1 at 6. However, because the appellant's entitlement to an annuity is a matter of law that does not permit OPM or the Department of the Navy to exercise any discretion, there can be no discriminatory act. *See Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 15 (2010).

with this promotion, he is entitled to an annuity. PFR File, Tab 1-3. His permanent employee status alone, however, is not sufficient to establish retirement coverage. *See Reyes v. Office of Personnel Management*, 60 M.S.P.R. 172, 174-75 (1993) (the fact that the appellant was in tenure group 1 at the time of his separation was not sufficient to establish CSRS retirement coverage when, upon separation, the appellant was entitled to disability retirement under a collective bargaining agreement), *aff'd*, 29 F.3d 645 (Fed. Cir. 1994) (Table).

¶7        To the contrary, the appellant's receipt of benefits under the Filipino Employment Personnel Instructions (FEPI), as opposed to the CSRS, indicates that his service was not covered under the CSRS. *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). The appellant's June 1990 Notification of Personnel Action reflects that he received benefits under the FEPI when his tour of duty was changed to 4 days per week. IAF, Tab 10 at 11. At that time, the appellant received severance pay based on 27 years, 4 months, and 19 days of creditable service in accordance with the FEPI. *Id*. The appellant's September 1992 Notification of Personnel Action reflects that he subsequently received FEPI benefits for his remaining service ending in September 1992. IAF, Tab 4 at 28. Considering that the appellant had nearly continuous service from September 1962 until June 1990 (with a break in service of only approximately 4 months), the benefits paid to him in June 1990 under the FEPI covered all of his creditable service up to that point. The remainder of the appellant's service was covered by the subsequent FEPI benefits that he received in September 1992. Because all of the appellant's service was covered by the FEPI, it is not covered under the CSRS. *Quiocson*, 490 F.3d at 1360.

¶8        The appellant contends, however, based upon his interpretation of 5 U.S.C. §§ 8333, 8334(c), and 8339, and 5 C.F.R. § 831.303(a), that his creditable service entitles him to make a deposit toward, and then to receive, a CSRS retirement annuity. PFR File, Tab 1 at 9. In particular, he requests an annuity for service from April 1972 to the end of September 1982. PFR File, Tab 1 at 1-3. To be

entitled to make a service deposit under 5 U.S.C. § 8334, the appellant would need to meet the definition of "employee" under 5 C.F.R. § 831.112(a)(2), which requires that he already have "civil service retirement annuity rights" based on CSRA covered service. *See Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 764-65 (Fed. Cir. 2009). Similarly, 5 C.F.R. § 831.303(a), which allows those already covered by the CSRS to include certain creditable service performed before October 1, 1982, in calculating a retirement annuity, does not permit the appellant, who is not covered by the CSRS, to make a CSRS deposit. *See Dela Rosa*, 583 F.3d at 765. We find nothing in the statutes or regulations that would allow the appellant to make a deposit or to receive a deferred annuity. Accordingly, we find that the appellant never served in a covered position and is therefore not entitled to make a deposit or to receive an annuity under the CSRS.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.