# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERTO A. MATA,
                    Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-0831-15-0397-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Sarah Murray, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding him ineligible to receive a retirement annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was employed as a Planner and Estimator (Shipfitter) by the Department of the Navy in the Philippines. He received an excepted-service appointment effective August 21, 1968, and had continuous service until his involuntary termination due to reduction in force effective August 21, 1992. Initial Appeal File (IAF), Tab 5 at 37-41, 43-46, 55, 63-74, 77, 79, 81, 83-84, 86-87, 92-94. During this period of employment, the appellant's Standard Forms 50 (SF-50) indicated that his retirement code was "4-None" or "5-Other," and his annuitant indicator was listed as "9" or "Not Applicable." *Id*. The SF-50 documenting the appellant's July 3, 1992 termination reflects that he was terminated under the authority of the Filipino Employment Personnel Instruction (FEPI) and states that he was "entitled to 24 months severance pay based on 24 years, and 4 days of creditable service." *Id*. at 92. Additionally, the record includes SF-50s documenting the appellant's July 4, 1992 appointment, not to exceed August 28, 1992, and his termination effective August 21, 1992. *Id*. at 93-94. On July 20, 2013, the appellant applied for deferred retirement under

CSRS. *Id*. at 24-25. OPM denied the application, finding that he was not entitled to a deferred annuity under CSRS and not eligible to make a CSRS deposit for his Federal service. *Id*. at 5-7, 21. The appellant filed an appeal of OPM's reconsideration decision. IAF, Tab 1. The administrative judge affirmed OPM's decision. IAF, Tab 8, Initial Decision (ID).

¶3      On review, the appellant contends that he is entitled to a CSRS retirement annuity under 5 C.F.R. § 831.303(a), and he asserts that the administrative judge failed to address this argument. Petition for Review (PFR) File, Tab 1. Specifically, the appellant reasserts that he is automatically entitled to make a deposit for his service ending before October 1, 1981. He contends that, with the promulgation of section 831.303(a) in August 1983, his service prior to October 1, 1982, was converted to covered service with a vested CSRS annuity. *Id*.

¶4      As set out in the initial decision, entitlement to a CSRS retirement annuity requires 5 years of creditable service, ending with at least 1 of the last 2 years in a position covered by the CSRS. ID at 3. The administrative judge reviewed the applicable laws, regulations, and case law, applied them to the facts in this case, and correctly concluded that the appellant was not entitled to a retirement annuity because he failed to establish that he was ever employed in a covered position. ID at 3-7.

¶5      Regarding the appellant's specific claim to entitlement under section 831.303(a), we find no statute or regulation that would allow the appellant to make a deposit or to receive a deferred annuity under the circumstances. To be entitled to make a service deposit under 5 U.S.C. § 8334, the appellant would need to meet the definition of "employee" under 5 C.F.R. § 831.112(a)(2), which requires that he already have "civil service retirement annuity rights" based on CSRA-covered service. *Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 764-65 (Fed. Cir. 2009). Similarly, 5 C.F.R. § 831.303(a), which allows those already covered by the CSRS to include certain creditable service

performed before October 1, 1982, in calculating a retirement annuity, does not permit the appellant, who is not covered by the CSRS, to make a CSRS deposit. *See Dela Rosa*, 583 F.3d at 765. Accordingly, we find that the administrative judge correctly determined that the appellant is not entitled to make a deposit or to receive an annuity under the CSRS.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website,

---

[2] The appellant filed a reply dated August 25, 2015, to the agency's response to his petition for review, which the Board received on September 9, 2015. PFR File, Tab 5. Although this submission appears to have ben untimely filed, we have considered it, and it does not change the result.

www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.