NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS S. BARTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1669

---

Petition for review of the Merit Systems Protection Board in No. NY-0353-13-0205-I-4.

---

Decided: September 8, 2016

---

THOMAS S. BARTON, East Hampton, NY, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Thomas S. Barton appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Because the Board's dismissal is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

BACKGROUND

Mr. Barton was employed for over 23 continuous years by the United States Postal Service ("the agency"), including for over 17 years as a carrier at the East Hampton, New York Post Office. In March 2006, a coworker, the union representative at the office, accused Mr. Barton of vandalizing his personal vehicle. Mr. Barton was arrested on a misdemeanor charge of criminal mischief, which was later dismissed without a conviction or guilty plea. He resigned from his position effective April 14, 2006.

On March 20, 2013, the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP") approved Mr. Barton's claim for Post-Traumatic Stress Disorder stemming from the 2006 incident ("the OWCP Entitlement Decision"). On May 14, 2013, Mr. Barton sent a letter to the agency requesting reinstatement because he had fully recovered from his injury. The agency denied the request the next day, noting that Mr. Barton's resignation was voluntary ("the Agency Decision").

On May 29, 2013, Mr. Barton petitioned the Board for review, alleging that the agency violated his restoration rights when it refused to restore him to his former position. Approximately two months later, OWCP advised Mr. Barton that his compensation claim was denied because he was unable to submit medical evidence supporting disability during the period claimed ("the OWCP Benefit Decision"). In August 2013, Mr. Barton informed the Board that he was disputing the OWCP Benefit Decision and requested the Board dismiss his appeal of

the Agency Decision without prejudice because the OWCP Benefit Decision could affect his appeal. The Board granted Mr. Barton's request and dismissed the appeal without prejudice.

Mr. Barton's appeal of the Agency Decision was automatically refiled on October 28, 2014. Again, Mr. Barton requested that his appeal be dismissed without prejudice because his dispute of the OWCP Benefit Decision was still pending. The Board granted Mr. Barton's request and dismissed the appeal without prejudice.

On January 22, 2015, Mr. Barton refiled his appeal of the Agency Decision, noting that he was receiving medical compensation benefits from OWCP. A hearing was scheduled for April. However, on March 24, 2015, the OWCP issued a notice of proposed rescission of the OWCP Entitlement Decision based on evidence that the 2006 incident occurred outside the workplace and the performance of duty. Upon further review of the evidence, OWCP also determined that Mr. Barton had not notified the agency of any work-related injury at the time of his resignation. Mr. Barton then requested that the Board cancel the hearing and dismiss his appeal without prejudice, and the Board granted his request. On April 27, 2015, the OWCP rescinded the OWCP Entitlement Decision based on error in the original finding.

Mr. Barton's appeal of the Agency Decision was again automatically refiled on October 19, 2015. On December 21, 2015, the Board issued an initial decision dismissing Mr. Barton's appeal for lack of jurisdiction, holding that because the OWCP Entitlement Decision was rescinded, Mr. Barton had not proven by a preponderance of evidence that he suffered a compensable injury. Mr. Barton did not petition for review of this decision, and the initial decision became the Board's final decision on January 26, 2016.

Mr. Barton timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 764 (Fed. Cir. 2009). We review a determination of the Board's jurisdiction de novo as a question of law, and review underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Mr. Barton held the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(ii)(2)(A).

An employee who fully recovers from a compensable injury after one year "is entitled to priority consideration, agencywide, for restoration to the position he or she left or an equivalent one," provided he applies for restoration in a timely manner. 5 C.F.R. § 353.301(b); 5 U.S.C. § 8151(b)(2). An employee who has been denied restoration may appeal to the Board. 5 C.F.R. § 353.304(b). However, the employee is only entitled to restoration if he was separated "as a result of a compensable injury." *Id.* § 353.103(b).

We hold that the Board properly determined it lacked jurisdiction on the basis that Mr. Barton was unable to show by a preponderance of evidence that he was separated as a result of a compensable injury. Mr. Barton failed to demonstrate that he had a compensable injury under 5 C.F.R. § 353.103. The Board defines "compensable

injury" as a condition "that is accepted by the Office of Workers' Compensation Programs as job-related, for which medical monetary benefits are payable from the Employees' Compensation Fund." *Norwood v. United States Postal Serv.*, 100 M.S.P.R. 494, 496 (M.S.P.B. 2005). While the OWCP Entitlement Decision served as substantial evidence that Mr. Barton had a compensable injury, the OWCP subsequently rescinded that determination. The Board therefore did not commit any error in concluding, after rescission of the OWCP Entitlement Decision, that Mr. Barton could no longer make a non-frivolous allegation that he suffered a compensable injury.

We have considered Mr. Barton's remaining arguments and find them to be without merit.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.