NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHELLE EVANS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2041

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-16-0323-I-1.

---

Decided: October 25, 2016

---

MICHELLE EVANS, Miami, FL, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Michelle Evans appeals the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Because the Board's dismissal is in accordance with law and supported by substantial evidence, we *affirm*.

BACKGROUND

Ms. Evans was a Consumer Safety Technician, GS-7, at the U.S. Food and Drug Administration (the "agency") in Miami, Florida. She states that by July 2015, the agency implemented major changes to her duties, including designating Ms. Evans as the sole employee opening the door and answering the phone. In September 2015, she received a written reprimand for repeated unprofessional conduct. The next month, the agency notified Ms. Evans that it intended to suspend her without pay for seven days as a result of continued inappropriate conduct. The agency deciding official issued the seven-day suspension decision on December 3, 2015, and Ms. Evans was suspended from December 7–13, 2015. The written suspension decision cautioned that further offenses may be grounds for more severe action, up to and including removal from service. At the end of January 2016, the agency notified Ms. Evans that it proposed to remove her from her position, citing five separate incidents of inappropriate conduct since her return from suspension.

In February 2016, while still employed by the agency, Ms. Evans appealed these agency actions to the Board. She articulated the change in duties, written reprimand, seven-day suspension, and proposed removal as the bases for her appeal, and she checked the boxes for "Involuntary Resignation" and "Involuntary Retirement" on her appeal forms. She alleged that she had been discriminated against because of her age and color, retaliated against, and subjected to a hostile work environment.

On March 30, 2016, the Administrative Judge ("AJ") issued an initial decision dismissing Ms. Evans's appeal for lack of jurisdiction, holding that the change in duties, written reprimand, seven-day suspension, and proposed removal were not agency actions appealable to the Board. The AJ determined that there was no evidence that Ms. Evans had resigned or retired from her position.[1] The AJ held that in the absence of a legally cognizable adverse agency action, any prohibited personnel practices alleged by Ms. Evans were not an independent source of Board jurisdiction. Ms. Evans did not petition the Board for review, and the initial decision became final on May 4, 2016.

Ms. Evans timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 764 (Fed. Cir. 2009). We review a determination of the Board's jurisdiction de novo as a question of law, and we review underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

---

[1]    On March 31, 2016, one day after the initial decision, the deciding official issued a decision removing Ms. Evans from duty effective April 2, 2016. Upon receipt of the removal decision, Ms. Evans resigned on April 1, 2016. Ms. Evans filed a separate Board appeal, No. AT-0752-16-0504-I-1, challenging the agency's removal decision.

The Board's jurisdiction is not plenary; it is "limited to those matters specifically entrusted to it by statute, rule, or regulation." *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999); 5 C.F.R. § 1201.3(a). Ms. Evans bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(ii)(2)(A).

Ms. Evans has not identified any legal authority that permits her to bring this appeal to the Board. The Board has jurisdiction over appeals of adverse actions, which include removals—including involuntary resignation or retirement—after completion of probationary service periods, suspensions for more than fourteen days, reductions in grade or pay, and furloughs of thirty days or less. 5 U.S.C. § 7512; 5 C.F.R. § 1201.3. Constructive removal is the only adverse action alleged that could confer Board jurisdiction. However, because Ms. Evans was still employed by the agency at the time of her filing and the AJ's determination, substantial evidence supports the Board's determination that Ms. Evans had neither resigned nor retired.

While the Board has authority to review "mixed case" appeals involving allegations "that an appealable agency action was effected, in whole or in part, because of discrimination," the Board has authority to review such cases only if they involve an agency action that would otherwise confer Board jurisdiction. 29 C.F.R. § 1614.302; 5 U.S.C. § 7702; *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1246 (Fed. Cir. 1991). Ms. Evans's appeal is not a "mixed case" because she alleged no appealable adverse agency decision. The Board committed no error in concluding that Ms. Evans failed to allege an adverse action that conferred Board jurisdiction.

We have considered Ms. Evans's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.