# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FLORENTINO A. FRONDA,<br>    Appellant, | DOCKET NUMBER<br>SF-0831-16-0160-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: December 13, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed a final decision of the Office of Personnel Management (OPM) finding that he was not entitled to make a service credit deposit to the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant formerly was employed by the Department of the Navy in Subic Bay, Philippines under a series of temporary and indefinite excepted-service appointments beginning on November 10, 1965, until he resigned on June 17, 1992.  Initial Appeal File (IAF), Tab 6 at 19-28.  On May 11, 2007, the appellant sent a letter to OPM requesting to make a deposit for civilian service credit.  IAF, Tab 9 at 33-35.  On November 5, 2015, OPM issued a final decision finding that he was not eligible to make a service deposit because he had never served in a covered position subject to the Civil Service Retirement Act (CSRA).  IAF, Tab 6 at 5-8.

¶3         The appellant filed a Board appeal challenging OPM's decision, but did not request a hearing.  IAF, Tab 1.  After issuing a close of record order and affording the parties an opportunity to submit additional evidence and argument, IAF, Tab 7, the administrative judge issued an initial decision affirming OPM's final decision, IAF, Tab 11, Initial Decision (ID).  The administrative judge found that the appellant was not eligible to make a service deposit under 5 U.S.C. § 8334 because he did not meet the definition of an employee under

5 C.F.R. § 831.112(a). ID at 4-5. In particular, he found that it was undisputed that the appellant was not currently employed in a covered position because he had resigned in 1992. ID at 5. He also found that there was no evidence that any position the appellant ever held was covered by the CSRA because his Standard Forms 50 (SF-50) showed his retirement coverage as "none" or "other," and the SF-50 documenting his resignation indicated that his service entitled him to a lump-sum payment under the Filipino Employment Personnel Instructions (FEPI). ID at 5-6. The administrative judge also rejected the appellant's argument that, under 5 C.F.R. § 831.303(a), he was deemed to have made a deposit qualifying him for an annuity because to be entitled to a CSRS annuity an employee must have had covered service subject to the CSRA. ID at 6-7.

¶4    The appellant has filed a petition for review in which he reiterates his argument that 5 C.F.R. § 831.303(a) qualifies him to make a deposit or waive a deposit for his service prior to October 1, 1982.[2] Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 4.

¶5    The administrative judge correctly set forth the well-established principles of law that preclude the appellant from making a deposit under CSRS. The appellant is not eligible for an annuity under CSRS because he has not served in a position covered by CSRS. *See Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶¶ 7-8 (2011). His argument regarding the applicability of 5 C.F.R. § 831.303(a) fails because it pertains to the computation of a CSRS annuity to which he is not entitled. Further, the appellant does not satisfy the definition of "employee" in 5 C.F.R. § 831.112, which sets forth those eligible to make a deposit to the Fund under 5 U.S.C. § 8334. *See Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 764-65 (Fed. Cir. 2009); *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 13 (2010).

---

[2] In light of our decision, we need not address the timeliness of the appellant's petition for review.

¶6 Accordingly, we find that the administrative judge properly found that the appellant is not entitled to make a deposit.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.