NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3351

VICTORIANO V. RAGADOS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————————

DECIDED:  April 11, 2006

———————————————

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.


DECISION

Victoriano V. Ragados petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for a deferred annuity under the Civil Service Retirement Act ("CSRA"), <u>Ragados v. Office of Pers. Mgmt.</u>, No. SF0831040671-I-1, slip op. (M.S.P.B July. 22, 2005) ("<u>Final Decision</u>").  We <u>affirm</u>.

DISCUSSION

I

Mr. Ragados is a Filipino national who was employed in civilian service by the Department of the Navy at Subic Bay, Philippines, during two periods of service. He was hired on December 22, 1947, and remained employed until July 22, 1949, at which time he was separated by a reduction in force. Mr. Ragados began his second period of service on March 21, 1951, and he was employed by the Navy until he retired on November 24, 1989.

On October 3, 2002, Mr. Ragados submitted to OPM an application for a deferred retirement annuity. Upon concluding that the positions in which Mr. Ragados had been employed were not covered by the CSRA, OPM denied the application. Mr. Ragados sought reconsideration of that decision, and on May 28, 2004, OPM issued a reconsideration decision, again denying Mr. Ragados' application. Mr. Ragados appealed the reconsideration decision to the Board. In an initial decision dated October 26, 2004, the administrative judge ("AJ") to whom the case was assigned affirmed OPM's ruling. Ragados v. Office of Pers. Mgmt., No. SF0831040671-I-1, slip op. (M.S.P.B. Oct. 26, 2004) ("Initial Decision"). The Initial Decision became the final decision of the Board when the Board denied Mr. Ragados' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed.

II

We have jurisdiction over appeals from the Board under 28 U.S.C. § 1295(a)(9). The decision of the Board will be affirmed unless it is arbitrary, capricious, an abuse of

05-3351                                    2

discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

To receive an annuity under the CSRA, an individual must meet the requirements of the law in effect at the time the individual was separated. Esteban v. Office of Pers. Mgmt., 978 F.2d 700, 701 (Fed. Cir. 1992). Because Mr. Ragados' first period of service was from 1947 to 1949, the Retirement Act of January 24, 1942, determines his eligibility for that period of service. The 1942 Act required an employee to have a total of five years of creditable service at the time of separation. See id.; Vanaman v. Office of Pers. Mgmt., 59 M.S.P.R., 598, 601-02 (1993), review dismissed, No. 94-3157 (Fed. Cir. 1994). Because Mr. Ragados' first period of service totaled only nineteen months, which is less than the five years required by the 1942 Act, the Board was correct to hold that this service did not qualify him for a deferred retirement annuity. See Sabado v. Office of Pers. Mgmt., 905 F.2d 387 (Fed. Cir. 1990) (finding no entitlement to annuity where a civilian Navy employee completed less than five years of creditable service even though his separation was caused by a service related disability).

Mr. Ragados' second period of service is governed by the Retirement Act of August 31, 1954, which is still in effect today and has only been amended in ways immaterial to this case. See 5 U.S.C. § 8333. Section 8333(a) provides: "An employee must complete at least 5 years of civilian service before he is eligible for an annuity under this subchapter." Section 8333(b) further requires in relevant part that "[a]n employee or Member must complete, within the last 2 years before any separation from service . . . at least 1 year of creditable civilian service during which he is subject to this

subchapter before he or his survivors are eligible for annuity . . . ." There is no dispute that Mr. Ragados served well in excess of five years. His entitlement to an annuity turns upon whether the covered service requirement of section 8333(b) was satisfied.

Mr. Ragados' second period of service began under an excepted-intermittent appointment on March 21, 1951. Block #20 of the Standard Form 50 "Notification of Personnel Action" ("SF-50") for the appointment stated that Mr. Ragados was not subject to the CSRA. On December 10, 1951, Mr. Ragados' service was converted to an excepted-indefinite appointment, with block #18 of the SF-50 for the appointment stating that he was not subject to the CSRA. 5 C.F.R. § 831.201(a)(2) provides that intermittent appointments are specifically excluded from CSRA coverage. See Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 520 (Fed. Cir. 1995) (upholding the exclusion in 5 C.F.R. § 831.201(a) of employees holding indefinite appointments from receiving CSRA retirement benefits).

Significantly, all SF-50s ever issued concerning Mr. Ragados reflect that his retirement status was "none" or "other," namely other than the CSRA. Moreover, the relevant documents indicate that no retirement contributions were ever withheld from Mr. Ragados' pay. See id. at 516 ("Covered service only includes an appointment . . . for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund.").

Finally, the AJ found that Mr. Ragados was required to retire pursuant to a collective bargaining agreement that afforded him retirement pay in accordance with the Filipino Employment Personnel Instructions. Initial Decision, slip op. at 6. Employees subject to another retirement system for government employees are excluded from

coverage under the CSRA. 5 U.S.C. § 8331(1)(ii); see De Guzman v. Dep't of Navy, 231 Ct. Cl. 1005 (1982) ("5 U.S.C. 8331(1)(ii) provides that the Retirement Act does not include an employee subject to another retirement system for Government workers.").

The Board determined that the fact that Mr. Ragados' SF-50 indicated that he was in "Tenure Group 1" did not affect the inquiry into whether he was a permanent employee. Initial Decision, slip op. at 7. The Board reasoned that the tenure group status is used primarily to determine an employee's rights in a reduction in force, but is not determinative of either appointment or retirement rights. Id. The Board noted DeJesus v. Office of Personnel Management, 63 M.S.P.R. 586, 593 (1994), aff'd, 62 F.3d 1431 (Fed. Cir. 1995) (Table) and Fredeluces v. Office of Personnel Management, 57 M.S.P.R. 598, 602 n.4 (1993), aff'd, 16 F.3d 421 (Fed. Cir. 1993), as standing for the proposition that tenure groups may be considered in determining the nature of the underlying appointment "if the personnel records are incomplete and the employee was at any time subject to the CSRA." Initial Decision, slip op. at 7. However, because the Board found that Mr. Ragados' personnel records appeared complete and because no evidence was presented demonstrating that he was ever covered under the CSRA, the Board found that the tenure group designation was insufficient to overcome the other evidence in the record. Id., slip op. at 8. We see no error in this finding.

Lastly, the fact that Mr. Ragados was employed during the transition period in which administering authority over CSRA coverage was transferred from the President to the newly reorganized Civil Service Commission is without consequence. Executive Order 10,180, which made appointments to Executive branch positions nonpermanent and excluded them from CSRA benefits, was repealed effective January 23, 1955. The

Civil Service Commission regulation excluding indefinite appointees from CSRA coverage was not promulgated until October 30, 1956. However, the AJ correctly observed that Federal Circuit case law has held that the applicable retirement exclusions concerning indefinite appointment employees remained in effect without any "lapse." See Carreon v. Office of Pers. Mgmt., 321 F.3d 1128, 1131-33 (Fed. Cir. 2003) (finding that the suggestion that indefinite appointments between the revocation of Executive Order 10,180 and the promulgation of the Civil Service Commission's regulation 5 C.F.R. § 29.2 "may well have been eligible for CSR[A] coverage" is contrary to the law of this circuit); Casilang v. Office of Pers. Mmgt., 248 F.3d 1381, 1383 (Fed. Cir. 2001) (holding that "the exclusion of nonpermanent employees from coverage by the CSRA effected by Executive Order No. 10,180 [remained in effect] until the Civil Service Commission promulgated new regulations, which it did in 1956, thus preventing the appellant's service between January 25, 1952, and June 30, 1958, from entitling him to a retirement annuity). Thus, Mr. Ragados' argument that his employment during the transition period could impact whether any of his service was creditable is without merit.

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.