NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERMENTA P. AQUINO,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3092

---

Petition for review of the Merit Systems Protection Board in case no. SF0831100937-l-1.

---

Decided: December 12, 2011

---

HERMENTA P. AQUINO, Olongapo City, Philippines, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, BRYSON and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

Hermenta P. Aquino appeals the decision of the Merit Systems Protection Board ("MSPB") finding Ms. Aquino ineligible for a deferred annuity benefits under the Civil Service Retirement System ("CSRS"), and also ineligible to make a retroactive deposit to the CSRS. Because Ms. Aquino never held a position covered by the CSRS prior to her retirement, we conclude that she is ineligible for participation in the CSRS via receipt of annuities or retroactive deposits. Accordingly, we affirm.

## I.    BACKGROUND

Ms. Aquino worked at the United States Naval Station in Subic Bay, Philippines, in various positions from May 1962 to May 1991. None of her positions were subject to the Civil Service Retirement Act ("CSRA"). Ms. Aquino's "Notice of Personnel Action" Standard Forms 50 ("SF-50s"), which memorialize her various appointments and movements to different positions, show that her retirement plan was either listed as "None" or "Other"—none of the SF-50s indicate participation in a retirement plan under the CSRA. A5, A32-74. There is no evidence in the record that a portion of Ms. Aquino's pay was ever withheld and deposited into the CSRS account.

In June 2009, Ms. Aquino requested that the Office of Personnel Management ("OPM") grant her deferred annuity payments based on her service, citing to the CSRA. This request was denied because her SF-50s indicated that she did not serve in a position subject to the CSRA for which retirement deductions were withheld. Ms. Aquino then requested reconsideration, and stated that she also "wished to make a deposit for [her] nonde-

duction service" so as to retroactively contribute to the CSRS and obtain annuities. A6. The OPM issued a reconsideration opinion reaffirming its initial decision, and also finding that Ms. Aquino was ineligible to make a CSRS deposit.

Ms. Aquino appealed to the MSPB and the Administrative Judge ("AJ") affirmed the OPM, explaining that "completion of five years of qualified civilian service, ending with at least one out of the last two years in a position covered by the CSRA, is a prerequisite for civil service retirement annuity . . . ." A7 (citing 5 U.S.C. § 8333(a)-(b)). Finding that Ms. Aquino at no point in her 29 years with the Navy served in a position covered by the CSRA, the AJ concluded that Ms. Aquino was not entitled to civil service annuity rights. The AJ further concluded that Ms. Aquino could not make a deposit for her service because the pertinent statutes and OPM regulations require one to be eligible for a CSRS annuity, based upon covered service, to make such deposits.

## II. DISCUSSION

Our review of decisions of the MSPB is limited by statute. We may only set aside agency actions, findings, or conclusions if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c) (2006).

## A. CSRS Legal Framework

There are two kinds of federal service pertinent to determining whether an individual is entitled to a retirement annuity under the CSRA—"creditable service" and "covered service." *Noveloso v. Office of Pers. Mgmt.*, 45

M.S.P.R. 321, 323 (M.S.P.B. 1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991). While nearly all federal service is creditable service, covered service is limited to service by those employees who are "subject to" the CSRA, i.e., employees who are required to deposit a portion of their pay into the Civil Service Retirement and Disability Fund. *Id.* at 323-24. By statute, employees entitled to civil service retirement annuities are those who have completed at least five years of creditable service, where at least one of the last two years were in a covered position. 5 U.S.C. § 8333(a)-(b) (2006) ("An employee must complete at least 5 years of civilian service before he is eligible for an annuity under [the CSRA] . . . [and] must complete, within the last 2 years before any separation from service . . . , at least 1 year of creditable civilian service during which he is subject to [the CSRA] . . . ."); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Temporary, intermittent, term, and excepted indefinite appointments are excluded from CSRA coverage. 5 C.F.R. § 831.201(a) (2011); *Quiocson*, 490 F.3d at 1360.

5 U.S.C. § 8334(c) permits an "employee . . . credited with civilian service . . . for which retirement deductions have not been made" under the CSRS to make a deposit with interest to the CSRS. For purposes of making such deposits, an "employee" is defined as

> (1) A person currently employed in a position subject to the civil service retirement law; or

> (2) A former employee . . . who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain . . . .

5 C.F.R. § 831.112(a)-(b) (2011). In order to make deposits to the CSRS, former employees must therefore be

eligible for CSRS annuity payments based on prior covered service during which proper deductions were made. In other words, § 831.112(a)(2) "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009).

A federal employee seeking retirement benefits has the burden of proving by a preponderance of the evidence that he or she is entitled to such benefits. 5 C.F.R. § 1201.56(a)(2) (2011).

### B. Ms. Aquino Is Not Eligible to Participate in the CSRS

Ms. Aquino does not dispute the MSPB's finding that she never held a covered service position. We see no evidence that CSRS deductions were made from Ms. Aquino's pay and Ms. Aquino's SF-50s reflect her retirement plan as "None" or "Other," which we have held is important evidence of a lack of participation in the CSRS. *See Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 519-520 (Fed. Cir. 1995). Moreover, "[t]he absence of deductions is an indication that an employee was not serving in a covered position. A retroactive deposit does not convert a non-covered position into a covered position." *Quiocson*, 490 F.3d at 1360. Ms. Aquino neither held a covered position nor can she retroactively satisfy the covered service requirement of 5 U.S.C. § 8333(b).

This case is similar to *Dela Rosa v. Office of Pers. Mgmt.*, where the claimant Mr. Dela Rosa had 25 years of creditable service but no covered service, and his SF-50s indicated that no deductions were withheld from his pay for the CSRS program. 583 F.3d at 762. After his retirement, Mr. Dela Rosa sought to deposit funds into the CSRS to obtain annuities. *Id.* at 763. We affirmed the MSPB's denying his attempt to make such deposits be-

cause he was not a "former employee" under 5 C.F.R. § 831.112(b) since he did not satisfy the criteria for CSRS eligibility, namely, five years of creditable service and at least one year of covered service. *Id.* at 765-66; 5 U.S.C. § 8333(a)-(b)

Like the claimant in *Dela Rosa*, Ms. Aquino argues that she is a former employee under § 831.112(a)(2) entitled to make deposits into the CSRS, even though this court has been clear that that provision "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." 583 F.3d at 765. Because Ms. Aquino never held "a position in which retirement deductions were properly withheld and remain," she is not a "former employee" under the plain language of § 831.112(a)(2) and cannot make deposits into the CSRS fund.

Ms. Aquino nevertheless contends that her creditable service alone is sufficient to permit her to make deposits into the CSRS, relying solely on *Dorry v. Office of Pers. Mgmt.*, 35 M.S.P.R. 264 (1987) for this proposition. *Dorry* does not stand for such a proposition and is clearly distinguishable. In *Dorry* the claimant Ms. Dorry had four-and-a-half years of covered service in the Peace Corps, as well as two years of other service in Iran not at that time deemed creditable. *Id.* at 265. Because her two years in Iran were not creditable, she was six months short of the five years of total creditable service required under § 8333(a) to participate in the CSRS. Upon Ms. Dorry's separation from her position, prior pay deductions were refunded to her. *Id.* The District Court for the District of Columbia later ruled in a class action suit that the position in Iran in which Ms. Dorry served was creditable, and the Civil Service Commission ultimately stipulated and agreed to accept retroactive deposits by the class members regardless of whether they were retired. *Id.* at

265-66.  Upon learning of the district court ruling, Ms. Dorry sought to redeposit the retirement deductions that were refunded to her upon her separation.  *Id.* The MSPB permitted Ms. Dorry to redeposit the funds since her now creditable service in Iran brought her total years of creditable service to more than the five years required by § 8333(a) for participation in the CSRS.  *Id.* at 265-66.

In contrast to the claimant in *Dorry*, Ms. Aquino has no record of covered service.  There is also no evidence in this case of a stipulation by the Civil Service Commission to accept Ms. Aquino's deposits as a retiree.  We previously distinguished *Dorry* from the facts in *Dela Rosa* for these same reasons.  583 F.3d at 765 n. 3.  *Dorry* is simply inapposite to the facts before us, and *Dela Rosa* remains controlling.

### C.  Other Positions Advanced By Ms. Aquino Are Without Merit

Ms. Aquino raises a number of other ancillary issues that we now address in turn.

First, Ms. Aquino contends that this court's decision in *Quiocson*, in which we stated that retroactive deposits cannot convert a non-covered position into a covered position, should be rejected as contrary to law.  490 F.3d at 1360.  Ms. Aquino fails to identify any law in which *Quiocson* is in conflict, much less how *Quiocson* is inconsistent with the plain language of 5 U.S.C. § 8333(a)-(b) and 5 C.F.R. § 831.112(a) which fully support the statement made in *Quiocson* now contested by Ms. Aquino.  Indeed, this court subsequently relied on *Quiocson* to support its decision in *Dela Rosa*.  583 F.3d at 765 (concluding that section 831.112(a)(2) "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS").

Second, Ms. Aquino contends that the AJ failed to consider and apply 5 C.F.R. § 831.303(a), which she believes entitles her to annuity rights or the right to make a deposit pursuant to § 8334(c). She argues that § 831.112(a) should not have been relied upon by the AJ since it conflicts with § 831.303(a). Section 831.303(a) by its terms only applies to "employee[s] . . . under the civil service retirement system," and so is inapplicable to Ms. Aquino for reasons discussed above. In any event, § 831.303(a) does not speak to whether Ms. Aquino may make any deposits into the CSRS. Unlike § 831.112(a), which provides definitions for which "employees" and "former employees" may deposit or redeposit funds into the CSRS, § 831.303(a) by its terms provides only for how creditable service—not covered service—is to be determined and factored into annuity calculations. *See* § 831.303(a) ("Periods of creditable civilian service performed by an employee . . . for which retirement deductions have not been taken shall be included in determining length of service to compute annuity . . . .").

Third, Ms. Aquino cites MSPB's decision in *Floresca v. Office of Pers. Mgmt.* to attempt to bolster her argument that she is entitled to deposit funds into the CSRS. 69 M.S.P.R. 93 (1995). *Floresca* lends no support to Ms. Aquino, however, because in that case the MSPB held that "only employees may deposit money into the Retirement Fund," and since the claimant in that case had not held a covered position he was not an eligible employee to deposit funds. *Id.* at 98. As discussed above, Ms. Aquino was likewise not an employee subject to the CSRS.

We have considered the remainder of Ms. Aquino's arguments made in her brief and find them not pertinent to the questions before us, or otherwise without merit.

### III.    CONCLUSION

We see no reason to set aside the decision of the MSPB, which was well reasoned, grounded in applicable law, and supported by substantial evidence.   The judgment of the MSPB is therefore

## **AFFIRMED**

### COSTS

No costs.