NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTEMIO E. CAJA,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3169

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-13-0312-I-1.

---

Decided: December 5, 2014

---

ARTEMIO E. CAJA, of Castillejos, Zambales, Philippines, pro se.

LAUREN S. MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before NEWMAN, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Artemio Caja applied for an annuity under the Civil Service Retirement System, but the Office of Personnel Management (OPM) denied his application, because it determined that, although Mr. Caja worked for the government for more than twenty-five years, his position was not covered by the Civil Service Retirement Act. Mr. Caja appealed to the Merit Systems Protection Board, which agreed with OPM that Mr. Caja was not entitled to a retirement annuity. We affirm.

## BACKGROUND

Mr. Caja worked for the Navy in the Philippines from September 29, 1965, to August 9, 1991, when he elected to retire during a reduction in force. He held a variety of positions without a break in service, but all of the positions were ones the Navy classified as indefinite appointments in the excepted service. When he retired in 1991, Mr. Caja became eligible for twenty-six months of retirement pay under the Filipino Employment Personnel Instruction, a collective bargaining agreement between the United States and the Republic of the Philippines that is separate from the Civil Service Retirement System. *See Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 515 (Fed. Cir. 1995). Mr. Caja acknowledges having received this pay.

In 2010, Mr. Caja submitted to OPM an application for an annuity under the Civil Service Retirement System. OPM denied his application, first on May 4, 2010, and again, after his request for reconsideration, on February 25, 2013, because it determined that his employment was not subject to the Civil Service Retirement Act. Mr. Caja appealed that decision to the Merit Systems Protection Board, which issued its initial decision affirming the OPM decision on July 11, 2013. The Board's

initial decision became final on June 25, 2014, when the Board denied Mr. Caja's petition for review.

Mr. Caja timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may overturn the Board decision here only if it is arbitrary and capricious, obtained without legally mandated procedures, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). In appeals from an OPM reconsideration decision involving retirement annuities, the employee must prove entitlement to benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(a); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Eligibility for a retirement annuity under the Civil Service Retirement Act, as applied to Mr. Caja's case, generally requires an employee to have met two conditions: completion of five years of creditable civilian service; and completion of one of the last two years of that service in a position "subject to" the Civil Service Retirement Act. 5 U.S.C. § 8333; *Rosete*, 48 F.3d at 516. In addition, the employee generally must have made payments into the retirement system, through salary deductions, throughout the employment period. 5 U.S.C. § 8339(i). In setting forth the positions "subject to" the Act, Congress granted OPM authority to exclude from coverage certain categories of employees "whose employment is temporary or intermittent." 5 U.S.C. § 8347(a), (g). Using this authority, OPM has excluded "[e]mployees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955." 5 C.F.R. § 831.201(a)(13).

There is no dispute that Mr. Caja served more than five years of creditable service. The only issue on appeal is whether at least one of his last two years of employment was subject to the Act. Mr. Caja makes two argu-

ments that his employment qualifies under the Act. The Board properly rejected both.

Mr. Caja first argues that OPM could not exclude his position from coverage because his position was not actually a "temporary or intermittent" one under 5 U.S.C. § 8347(g). This argument is counter to our precedent upholding OPM's classification. We have held that § 8347(g) gave OPM authority to exclude "indefinite" appointments, such as Mr. Caja's, that are for an unlimited period of time but are considered nonpermanent. *Rosete*, 48 F.3d at 516–19 (affirming as reasonable OPM's interpretation that "temporary or intermittent" includes "indefinite" appointments, based on language, legislative history, and longstanding interpretation).

Mr. Caja also argues that the record shows that his employment was covered by the Act because some of the forms setting forth his various positions in the Navy, known as Standard Forms 50, labeled his employment with a tenure group of "1 – Permanent." This argument, like Mr. Caja's first argument, is contrary to our precedent, in which we have held that tenure status on employment forms, standing alone, is not sufficient to establish coverage under the Act. *See id.* at 519–20; *see also Ragados v. Office of Pers. Mgmt.*, 180 F. App'x 917, 920 (Fed. Cir. 2006). As the Board explained in the present case, "tenure group status is primarily for the purpose of determining an employee's rights in a reduction in force and is not determinative of either appointment or retirement rights." J.A. 11; *Ragados*, 180 F. App'x at 920.

Here, as in *Rosete* and *Ragados*, while tenure status might provide some evidence of an employee's eligibility for retirement annuity, other record evidence makes clear Mr. Caja's ineligibility. His employment forms consistently listed retirement and annuity indicators stating he was not eligible for either. Mr. Caja received retirement

benefits from another source, *see Ragados*, 180 F. App'x at 919–20, and no deductions for retirement were ever taken from Mr. Caja's salary, *see Rosete*, 48 F.3d at 516 (covered service requires that an employee "deposit part of his or her pay into the Civil Service Retirement and Disability Fund"); 5 U.S.C. § 8339(i).

CONCLUSION

For those reasons, we affirm the decision of the Merit Systems Protection Board.

No costs.

**AFFIRMED**