NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTO A. MATA,**

*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**

*Respondent*

---

2016-1244

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0397-I-1.

---

Decided: June 13, 2016

---

ROBERTO A. MATA, San Narciso, Zambales, Philippines, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSHMAN, JR., CLAUDIA BURKE.

---

Before DYK, PLAGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Roberto A. Mata appeals pro se a final order of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of entitlement to an annuity under the Civil Service Retirement System ("CSRS"). We conclude that substantial evidence supports the Board's determination that Mr. Mata did not serve in a covered position for purposes of entitlement to a civil-service-retirement annuity under the CSRS. We *affirm* the Board's final order denying entitlement to an annuity under the CSRS.

BACKGROUND

Mr. Mata worked as a planner and estimator with the Department of the Navy from 1968 until 1992. His service was continuous for over two decades until his involuntary separation in 1992. As a non-citizen, Mr. Mata received several Standard Forms 50 for the CSRS, indicating each time that his retirement code was either "None" or "Other," as opposed to "Civil Service." J.A. 7, 17–39. Upon involuntary separation, the Standard Form 50 effectuating separation stated that he was "entitled to 24 months severance pay based on 24 years, and 4 days [of] creditable service." J.A. 41. The Standard Forms 50 made no mention of any entitlement to CSRS benefits.

In July 2013, Mr. Mata submitted an application to OPM, seeking annuity benefits under the CSRS for his federal service. On December 6, 2013, OPM denied Mr. Mata's application because he "never in served in a position subject to the [CSRS]." J.A. 44. Mr. Mata requested reconsideration, and on February 9, 2015, OPM issued its final decision denying entitlement to an annuity because Mr. Mata did not have the minimum years of covered service. J.A. 48. Mr. Mata appealed the final decision to the Board. On September 21, 2015, the Board issued a final order denying entitlement to an annuity under the CSRS.

Mr. Mata appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We may hold unlawful and set aside an agency action found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Mata argues that his lengthy federal service "vested" his eligibility rights in a retirement annuity under the CSRS. Pet'r's Informal Br. at 8. Citing *Herrera v. United States*, 849 F.2d 1416 (Fed. Cir. 1988), Mr. Mata seeks to receive a reduced CSRS annuity and receive 10% of the amount he "should have deposited, plus interest" during his service. *Id.* at 2, 4, 9. Mr. Mata contends that his service is creditable, and that certain changes in the law during his service converted his position into a covered position. *Id.* at 9, 14. Mr. Mata maintains that the deposit to which he seeks entitlement from past service is "self-executing" and arises whenever a federal employee decides to not make a deposit. *Id.* at 3. Mr. Mata also requests that we reject the reasoning from or overrule several past cases. *See, e.g.*, *Aquino v. Office of Pers. Mgmt.*, 451 F. App'x 941 (Fed. Cir. 2011); *Ragados v. Office of Pers. Mgmt.*, 180 F. App'x 917 (Fed. Cir. 2006); *De Guzman v. Dep't of Navy*, 231 Ct. Cl. 1005 (1982). We discern nothing arbitrary, capricious, or otherwise erroneous with the Board's final order.

A federal employee seeking retirement benefits must demonstrate by preponderant evidence that he or she is entitled to the benefits. 5 C.F.R. § 1201.56(a)(2); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986). An employee becomes eligible for annuity benefits under the CSRS by completing five years of "creditable" service with at least one of the last two years

prior to separation in a position "covered" by the CSRS. 5 U.S.C. § 8333(a)–(b). An employee credited with civil service who has not made CSRS retirement deductions may make a deposit with interest to the CSRS. *See* § 8333(c). The relevant regulation defines employees able to make a deposit as (1) those currently employed in a position subject to the CSRS or (2) those formerly employed "who retain[] civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain . . . in the [CSRS fund]." 5 C.F.R. § 831.112(a). In other words, the regulation "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Mr. Mata does not contend that he is currently employed in a position subject to the CSRS, or that he has ever had retirement deductions withheld under the CSRS.

Although Mr. Mata proved that he had more than twenty years of service as an employee, he has failed to show that he served in a position covered by the CSRS. Mr. Mata's Standard Forms 50 show that he was appointed as a non-citizen who "may be recruited overseas and appointed to overseas positions without regard to the Civil Service Act." 5 C.F.R. § 8.3. His Standard Forms 50 only indicated "None" or "Other," and he offers no evidence that the forms contained errors or were otherwise incomplete. The record evidence shows that Mr. Mata was not in a covered position when the civil-service-retirement statute was enacted or when the regulations were promulgated, nor did he later attain such a covered position. J.A. 17–41. Mr. Mata fails to demonstrate how changes in the law affected him relevant to this appeal. Although Mr. Mata may have been entitled to certain benefits as a result of his involuntary separation, entitlement to those benefits does not vest entitlements under the CSRS or "convert a non-covered position into a cov-

ered position." *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) ("His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS.").

The Board concluded, upon reviewing the Standard Forms 50 of record, that none of Mr. Mata's service was covered service subject to the CSRS. Mr. Mata fails to demonstrate how this finding is unsupported by substantial evidence. This outcome is consistent with *Herrera*, the case Mr. Mata cites for support. *See Herrera*, 849 F.2d at 1418 (holding that "the record before us establishes that his service does not meet" the statutory requirements for a deferred annuity). We decline to revisit or reconsider the precedent cited in Mr. Mata's informal brief because Mr. Mata fails to explain why those decisions were incorrectly decided or how those decisions are enabled for review by this panel without en banc consideration.

The Board's final order is supported by substantial evidence, not arbitrary or capricious, and in accordance with law. We *affirm* the Board's final order.

**AFFIRMED**

Costs

No costs.