NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRECIOSO A. CRISTOBAL,**

*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**

*Respondent*

---

2018-1429

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-17-0618-I-1.

---

Decided: August 9, 2018

---

PRECIOSO A. CRISTOBAL, Palauig, Zambales, Philippines, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before PROST, *Chief Judge*, LOURIE and CHEN, *Circuit Judges.*

PER CURIAM.

Precioso A. Cristobal ("Cristobal") appeals from the final decision of the Merit Systems Protection Board ("the Board") affirming the decision of the Office of Personnel Management ("OPM") denying his request for annuity benefits for his prior federal service under the Civil Service Retirement System ("CSRS"). *See Cristobal v. Office of Pers. Mgmt.*, No. SF-0831-17-0618-I-1, 2017 MSPB LEXIS 4767, at *9–10 (M.S.P.B. Nov. 9, 2017) ("*Decision*"). For the reasons that follow, we *affirm*.

## BACKGROUND

Cristobal worked as a Forklift Operator at Subic Bay, Philippines from October 20, 1975 until about March 24, 1982, when he was appointed to the position of Rigger, a position he held until his retirement on May 29, 1992. Throughout his continuous employment, Cristobal's appointment forms (SF-50) indicated his retirement code as "4-None" or "5-Other" and his annuitant indicator as "9 Not Applicable." Cristobal admitted that no deductions were ever withheld from his pay for the CSRS. His SF-50 papers also show that upon retirement, he was paid a severance under the authority of the Filipino Employment Personnel Instructions ("FEPI") and that he was "entitled to 17 months severance pay based on 16 years, 08 months and 29 days creditable service." *Decision*, 2017 MSPB LEXIS 4767, at *2 (citation omitted).

On December 1, 2016, Cristobal applied for deferred retirement under the CSRS seeking an annuity for the period of service from October 20, 1975 to September 30, 1982. *See id.* at *3 (noting that there is a typographical error in his request for "October 10, 1975" instead of "October 20, 1975," which was his first date of service). On June 23, 2017, OPM denied his request determining

that Cristobal was not entitled to an annuity under the CSRS because "none of [his] service was covered service." Resp't's App. ("R.A.") 15. Cristobal appealed OPM's decision to the Board.

In an initial decision, the administrative judge ("AJ") determined that Cristobal's positions were not covered positions that would make him eligible for the CSRS. *See Decision*, 2017 MSPB LEXIS 4767, at *3–6. The AJ also determined that Cristobal was not entitled to make retroactive deposits for his service because this still required that he be eligible for the CSRS in the first place. *See id.* at *6–7. Finally, the AJ determined that the retirement pay Cristobal received under the FEPI indicates that he was covered under a retirement system other than the CSRS, which is evidence that he was not in covered service. *See id.* at *8–9. Based on this, the AJ concluded that Cristobal was not eligible for an annuity under the CSRS. *See id.* at *9–10. Cristobal did not request Board review of the initial decision, and thus the initial decision became the final decision of the Board on December 14, 2017. *Id.* at *10.

Cristobal appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner has the burden of proof of establishing entitlement to the benefit he seeks by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(b)(2); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Cristobal argues that the AJ incorrectly interpreted 5 C.F.R. § 831.303(a), which, according to him, only requires creditable civilian service and not "covered service," and that therefore he has met the requirements for a CSRS annuity. *See* Pet'r's Br. 1–7, 26–27. Additionally, he contends that there is no statutory or regulatory provision "excluding temporary or indefinite employees" from CSRS retirement benefits. *Id.* at 19.

The government responds that the AJ correctly found that Cristobal did not serve in a covered position. Accordingly, the government argues that the AJ properly affirmed OPM's decision that Cristobal was not entitled to a civil service retirement and was ineligible to make a deposit to the CSRS to obtain service credit. *See* Resp't's Br. 3.

We agree with the government that the AJ did not err in affirming the denial of Cristobal's request for retirement benefits. To be eligible for a CSRS annuity, an employee must complete five years of civilian service and at least one of the last two years of that service must be "covered" service, *i.e.*, service that is subject to the Civil Service Retirement Act ("CSRA"). *See* 5 U.S.C. § 8333; *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). "[M]ost service as an employee of the federal government is creditable service," but "service that is creditable service is not necessarily covered service." *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). Additionally, service under temporary and indefinite appointments is "excluded from CSRS retirement coverage under OPM regulations," and is not considered a covered position. *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (citing 5 C.F.R. § 831.201(a)(13)); *see also Rosete*, 48 F.3d at 519. As the AJ determined, Cristobal's federal service was a nonpermanent, indefinite appointment, which is excluded from CSRA coverage. *See Decision*, 2017 MSPB LEXIS 4767, at *3–6. Thus, the AJ properly determined that Cristobal

is not eligible for a CSRS annuity because his appointment was not covered service.

Cristobal also argues that the reduced annuity provision in 5 C.F.R. § 831.303(a) excuses his lack of deposits into the CSRS subject to a 10 percent reduction in his annuity. *See* Pet'r's Br. 7–19, 24–25. The government responds that § 831.303(a) still requires that the individual have served in a covered position, and because Cristobal did not, § 831.303(a) does not apply to his situation. We agree with the government that § 831.303(a) does not apply here.

Under the CSRA, the "employing agency shall deduct and withhold" a percentage of "the basic pay of an employee." 5 U.S.C. § 8334(a)(1)(A). The regulations do excuse a failure to make deposits into the CSRS, but only subject to a deduction in the annuity. *See* 5 C.F.R. § 831.303(a) ("Periods of creditable civilian service . . . for which retirement deductions have not been taken shall be included in determining length of service to compute annuity under [the CSRA]; however, if the employee . . . does not elect either to complete the deposit . . . or to eliminate the service from annuity computation, *his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.*" (emphasis added)). In addition, a prerequisite to § 831.303(a) is that the individual must have served in a covered position, which Cristobal did not. *See Lledo v. Office of Pers. Mgmt.*, 886 F.3d 1211, 1214 (Fed. Cir. 2018) (concluding that "§ 831.303(a) does not alter the definition of covered service, or convert creditable service into covered service") (citations omitted); *see also Rosimo v. Office of Pers. Mgmt.*, 448 F. App'x 60, 62 (Fed. Cir. 2011) (stating that § 831.303(a) does not apply to someone who lacks "covered service"). Thus, the AJ did not err in determining that § 831.303(a) does not apply to Cristobal's situation.

Cristobal next argues that he should automatically qualify for CSRS annuities simply because he is an "employee." *See* Pet'r's Br. 21–22. The government argues, and we agree, that Cristobal has not cited a provision of the CSRA that expressly provides for automatic coverage of all existing employees. *See* Resp't's Br. 10. Instead, as the AJ determined, *see Decision*, 2017 MSPB LEXIS 4767, at *6–8, the CSRA makes clear that the eligibility of federal employees for CSRS benefits is conditioned upon the employee's completion of services covered under the CSRA, *see* 5 U.S.C. § 8333. Moreover, Cristobal received retirement benefits under the FEPI, and "[e]mployees subject to another retirement system . . . are excluded from coverage under the CSRA." *Ragados v. Office of Pers. Mgmt.*, 180 F. App'x 917, 919–20 (Fed. Cir. 2006) (citing 5 U.S.C. § 8331(1)(ii) (stating that the definition for "'employee' . . . does not include . . . an employee subject to another retirement system for Government employees")). Accordingly, we conclude that the AJ did not err in affirming OPM's decision to deny Cristobal's request for retirement benefits under the CSRS.

We have considered Cristobal's remaining arguments but find them unpersuasive.

## CONCLUSION

For the foregoing reasons, we *affirm* the Board's decision.

## **AFFIRMED**

## COSTS

No costs.