NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GREGORIO M. BAGAT,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2023-1960

_____

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0798-I-1.

_____

Decided:  March 12, 2024

_____

GREGORIO M. BAGAT, Zambales, Philippines, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

_____

Before LOURIE, LINN, and STOLL, *Circuit Judges*.

PER CURIAM

Gregorio M. Bagat ("Bagat"), a federal employee from 1971 until 1992, petitions for review of a March 21, 2023 final order of the Merit Systems Protection Board ("Board") denying his application for deferred annuity retirement benefits under the Civil Service Retirement System ("CSRS"). For the following reasons, we affirm.

We must affirm a Board decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)–(3). Petitioner bears the burden of proving entitlement to retirement benefits. *Cheeseman v. OPM*, 791 F.2d 138, 141 (Fed. Cir. 1986).

To establish eligibility for a CSRS annuity, petitioner must satisfy two statutory prerequisites: (1) five years of *creditable* civilian service, and (2) "at least one of his last two years of federal service in a *covered* position—i.e., service that is subject to the Civil Service Retirement Act." *Lledo v. O.P.M.*, 886 F.3d 1211, 1213 (Fed. Cir. 2018) (emphasis added); 5 U.S.C. § 8333(a)–(b) ("An employee or Member must complete . . . at least 1 year of creditable civilian service during which he is subject to this subchapter.").

The Board held that Bagat failed to satisfy the second prerequisite and was thus ineligible for a CSRA annuity. Bagat argues that 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a) allow him to make a deposit "without any service covered by CSRS" and that even without a deposit he is entitled to an annuity. Petition at 9, 13.

The Board's holding that Bagat is not eligible for a CSRA annuity is supported by substantial evidence and not contrary to law or arbitrary or capricious. The Board

held that all the positions Bagat held during his federal tenure were either indefinite or not-to-exceed appointments in the excepted service, which Bagat does not challenge. J. App'x at 28. Those positions are not "covered" positions under the CSRA, even if they are full-time positions. *Lledo*, 886 F.3d at 1213 ("Temporary, intermittent, term, and excepted indefinite appoints are not covered positions."); *Quiocson v. OPM*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (holding that temporary and indefinite appointments are excluded from CSRS retirement coverage); 5 C.F.R. § 831.201(a) (excluding groups of employees from coverage under subchapter III of chapter 83 of title 5, including "Intermittent" employees and those serving under indefinite appointments). *See also* Petition at 12 (agreeing that OPM may exclude "temporary, intermittent, term, and excepted indefinite appointment[s]" from CSRS coverage). Bagat is thus outside the purview of the CSRA and is not entitled to an annuity under that scheme.

Moreover, as the Board correctly noted, Bagat never withheld any income for the CSRS, and his SF-50 forms indicated that his retirement benefits were designated as "other" rather than "CSRS." J. App'x at 13—16. An award of retirement benefits under a system other than CSRS precludes a CSRS annuity award. *Quiocson*, 490 F.3d at 1360 (rejecting eligibility for CSRS benefits because petitioner's appointment forms showed that the positions were not covered by the CSRS and because petitioner received retirement benefits under a non-CSRS plan).

Bagat argues that his failure to make a timely deposit is excusable and does not undermine his eligibility for an annuity. Petition at 8 (discussing *Mata v. OPM*, 652 F. App'x 931 (Fed. Cir. 2016) (non-precedential)). Bagat's argument is misplaced. He is ineligible for an annuity not based on his having failed to make a timely deposit, but because his employment was not covered by the CSRA.

Bagat also argues that 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a) converted his creditable service to covered service. Bagat is incorrect. 5 U.S.C. § 8334(c) allows an employee "credited with civilian service after July 31, 1920, for which retirement deductions or deposits have not been made" to make a deposit, but that provision excludes employees like Bagat, who were only employed in intermittent or indefinite positions and says nothing about expanding the category of persons eligible for a CSRA annuity. 5 C.F.R. § 831.303(a) allows an employee to include "[p]eriods of creditable service . . . in determining length of service to compute annuity," and allows an employee who has *not* made a deposit to be credited with a constructive deposit with a 10% penalty. But this provision "does not alter the definition of covered service or convert creditable service into covered service." *Lledo*, 886 F.3d at 1214 (citing several cases). *See also* 5 C.F.R. § 831.201(a) (excluding certain employees from operation of 5 U.S.C. § 8334(c) and related CSRA provisions).

We find no merit to any of the other arguments raised in the petition. For these reasons, the decision of the MSPB is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.