NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDGARDO G. FRANCISCO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3035

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0436-I-1.

---

Decided: July 8, 2015

---

EDGARDO G. FRANCISCO, San Juan, San Narcisco Zambales, Philippines, pro se.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Edgardo Francisco appeals the decision of the Merit System Protection Board ("Board") affirming the ruling of the U.S. Office of Personnel Management ("OPM") that Francisco is not entitled to a civil service annuity under the Civil Service Retirement System ("CSRS"). *Francisco v. Office of Pers. Mgmt.*, No. SF-0831-14-0436-I-1, 2014 MSPB Lexis 6512 (M.S.P.B. Sept. 18, 2014) ("*Board Decision*"). We *affirm*.

I

Francisco worked for the Department of the Navy in Subic Bay, Philippines intermittently from 1972 through 1992. The Navy employed Francisco as a "mechanical instrument mechanic" from May 11, 1972 through August 24, 1973, as a "mechanical instrument mechanic intermediate" from January 2, 1974 through June 13, 1979, and as an "electronics mechanic" from December 18, 1985 through July 10, 1992. Francisco was hired in 1972 and 1974 to an "excepted appointment", and his employment was converted to "indefinite" from 1978 through 1979. In 1985, he was rehired to an excepted appointment, where he remained through 1992. On the Standard Form 50 ('SF-50") forms spanning his employment, his retirement indicator was consistently either "None" or "Other," and his annuitant indicator was "Not Applicable." No CSRS contributions were withheld from Francisco's pay during the period of his employment. The Navy terminated Francisco's employment on June 22, 1992 due to a reduction-in-force, and upon the termination, Francisco received "12 months severance pay based on 12 years and 5 days creditable service with the U.S. Forces Philippines in accordance with [Filipino Employment Personnel Instructions ("FEPI")]". Resp't App. 13.

Francisco filed an application for deferred retirement benefits with the CSRS on September 8, 2012, requesting an annuity on the basis of his federal service from 1974 through 1979. On February 28, 2013, OPM denied his request, acknowledging that, although he performed civilian service for the United States, he did not serve in a position subject to the Civil Service Retirement Act ("CSRA") and is not eligible for a CSRS annuity. Francisco filed a request for reconsideration, claiming that his application for an annuity was limited to his federal service ending before October 1982. Francisco also argued that his application for benefits included a request to pay a deposit towards the annuity under 5 C.F.R. 831.303(a) in order to correct the Navy's failure to withdraw CSRS contributions during his employment. On reconsideration, OPM again denied Francisco's claims for an annuity, concluding that Francisco did not, at any time during his employment with the Navy, work in a position subject to the CSRS because "indefinite" and "excepted appointment" positions were excluded from CSRS coverage.

Francisco appealed OPM's reconsideration decision to the Board on March 31, 2014. *Board Decision*, at *1. Upon review of Francisco's SF-50 forms, the Administrative Judge ("AJ") concluded that Francisco had not met his burden of proving that his appointments with the Navy were sufficient to qualify him for CSRS benefits. *Id.* at *3–5. The AJ held that Francisco did not establish that he had at least one year of covered service in the last two years of any of his employment periods, as required by 5 U.S.C. § 8333(b) (2012). In particular, the AJ found that the "indefinite" and "excepted appointment" categories of Francisco's employment were excluded from CSRS retirement coverage under OPM regulations at 5 C.F.R. § 831.201(a). *Board Decision*, at *4. The AJ also noted that the lack of CSRS retirement deductions and the retirement and annuitant indicators on Francisco's SF-50

forms further supported the conclusion that Francisco's employment did not qualify him for CSRS retirement coverage. *Id.* at *4–5. Francisco did not petition for review of the AJ's initial decision, and it became the final decision of the Board on October 23, 2014.

Francisco filed a timely notice of appeal on February 13, 2015, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The scope of our review of a Board decision is limited. We can set aside a Board decision only if it was: (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (2) "obtained without procedures required by law, rule, or regulation having been followed"; or (3) "unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Francisco argues that the Board and OPM erred because he has only sought benefits based on his federal service ending prior to October 1, 1982, and both the Board and OPM inappropriately considered the full extent of his federal service time in their decision-making. Francisco also claims that he is entitled to make a deposit towards his annuity pursuant to 5 C.F.R. § 831.303(a), and OPM erred both by not discussing his request to make the deposit, and by not allowing him to submit a deposit. The government responds that the Board's and OPM's consideration of Francisco's entire service time is harmless error. None of Francisco's service qualifies as "covered service" under the CSRA, and therefore Francisco would not be eligible for an annuity regardless of the time period considered by the agency. The government also points to evidence in Francisco's SF-50 forms, such as the retirement and annuitant indicators and Francisco's receipt of a severance package under the FEPI, as support of its argument that Francisco did not participate in covered service during his employment with the Navy. As

for Francisco's claim that he be allowed to make a deposit under 5 C.F.R. § 831.303(a), the government argues that a former employee who does not already have annuity rights through covered service may not create annuity rights through a deposit under 5 C.F.R. § 831.303(a).

We agree with the government's arguments. A federal employee seeking retirement benefits must demonstrate by a preponderance of the evidence that he or she is entitled to the benefits. 5 C.F.R. § 1201.56(a)(2) (2015); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986). Eligibility for retirement benefits under the CSRA generally requires that the employee demonstrate that they meet two conditions. 5 U.S.C. § 8333; *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). First, the employee "must complete at least 5 years of civilian service before he is eligible for an annuity under this subchapter." 5 U.S.C. § 8333(a). This service is termed "creditable service," and most federal service is creditable. *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). There is no dispute that Francisco has completed at least five years of creditable service. Second, the employee "must complete, within the last 2 years before any separation from service . . . at least 1 year of creditable civilian service during which he is subject to this subchapter before he or his survivors are eligible for annuity." 5 U.S.C. § 8333(b). This service is termed "covered service," and includes only appointments subject to the CSRA and "for which an employee [ ] deposited part of his or her pay into the Civil Service Retirement and Disability Fund." *Rosete*, 48 F.3d at 516.

Congress designated OPM as the agency that administers the CSRS, including permitting OPM to exclude certain categories of employees from covered service. 5 U.S.C. § 8347. This includes employees "whose employment is temporary or intermittent." *Id.* § 8347(g). OPM has subsequently promulgated regulations excluding certain employees from covered service, including tempo-

rary, intermittent, and excepted indefinite appointments. 5 C.F.R. §§ 831.201(a)(1),(2),(6),(13),(14). We have interpreted these regulations to include indefinite appointments under the exclusions for temporary appointments. *See Quioscan v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360–61 (Fed. Cir. 2007); *Rosete*, 48 F.3d at 519.

The Board and OPM correctly determined that Francisco did not have the necessary covered service to qualify for an annuity under 5 U.S.C. § 8333(b). Francisco's SF-50 forms indicate that his employment was either "excepted appointment" or "indefinite" for the entirety of his time with the Navy. Under our prior interpretations of the exclusions in 5 C.F.R. § 831.201, both excepted appointments and indefinite appointments do not qualify as covered service. Francisco therefore did not complete "within the last 2 years before" any of his three separations from service "at least 1 year of creditable service during which he is subject to" the CSRA. 5 U.S.C. § 8333(b).

The Board and OPM also correctly identified other evidence in Francisco's SF-50 forms that support their conclusion that Francisco did not have any covered service. First, no retirement contributions were withheld from Francisco's pay. *Quiocsan*, 490 F.3d at 1360. The retirement indicator on his SF-50 forms was either "None" or "Other," and the annuitant indicator was "Not Applicable." And finally, Francisco received a severance package under the FEPI, and his receipt of benefits under a non-CSRS retirement plans "indicates that his service was not covered under the CSRS." *Id.*; *see also* 5 U.S.C. § 8331(1)(ii) (defining "employee" under the CSRS as not including "an employee subject to another retirement system for Government employees"). These facts all strongly indicate that Francisco's service with the Navy in the Philippines was, at no point, covered service.

Francisco claims that the Board and OPM erred by considering his entire employment history, instead of merely his employment from 1972 through 1979. As we have explained, however, Francisco did not complete the requisite one year of covered service at any time between 1972 and 1992, including during his employment from 1972 through 1979. To the extent that there was any error in the Board and OPM considering Francisco's post-1979 employment, that error was harmless.

Finally, Francisco argues that he should have been permitted to make a deposit towards his annuity under 5 C.F.R. § 831.303(a), and the Board and OPM erred by denying him this opportunity. Under 5 U.S.C. § 8334(c), an employee credited with civilian service may deposit an amount necessary to compensate for retirement deductions or deposits that were not made during his or her service. Former employees, like Francisco, may make deposits only if they "retain[] civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain . . . in the Civil Service Retirement and Disability Fund." 5 C.F.R. § 831.112(a)(2). Thus, a former employee may only "make a deposit [ ] if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). "A retroactive deposit does not convert a non-covered position into a covered position." *Quioscon*, 490 F.3d at 1360. Because Francisco did not have any covered service during his employment with the Navy, a deposit under 5 C.F.R. § 831.303(a) cannot cure this defect in his application for a CSRS annuity. The Board and OPM therefore did not err in denying Francisco the opportunity to make a deposit into the Civil Service Retirement and Disability Fund.

Because the Board's and OPM's determination that Francisco did not serve in a covered position is supported by substantial evidence, we affirm the Board's decision.

## AFFIRMED

COSTS

No costs.