NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK D. WADE,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3199

---

Petition for review of the Merit Systems Protection Board in case no. SF0831110045-I-1.

---

Decided: January 18, 2012

---

FREDERICK D. WADE, of Cottonwood, California, pro se.

SCOTT A. MACGRIFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Frederick D. Wade ("Wade") petitions for review of a final order of the Merit Systems Protection Board ("Board"), *Wade v. Office of Pers. Mgmt.*, No. SF-0831-11-0045-I-1 (M.S.P.B. July 1, 2011) ("*Final Order*"). The Board found Wade ineligible to make a redeposit or receive an annuity under the Civil Service Retirement System ("CSRS"). *See id.*; *Wade v. Office of Pers. Mgmt.*, No. SF-0831-11-0045-I-1 (M.S.P.B. Feb. 4, 2011) ("*Initial Decision*"). We affirm.

BACKGROUND

Wade was employed by the Department of the Navy from 1971 until his resignation in April 1988. On the day of his resignation, Wade executed Office of Personnel Management ("OPM") Form 1425, "Application for Refund of Retirement Deductions," requesting a refund of his retirement deductions. In May 1988, OPM authorized and paid a refund in the amount of $23,086.59. Wade has not been reemployed in the federal service.

In July 2010, Wade submitted OPM Standard Form 2803, "Application to Make Deposit or Redeposit: Civil Service Retirement System," requesting that he be allowed to redeposit his retirement deductions; and in August 2010, Wade submitted OPM Form 1496A, "Civil Service Retirement System: Application for Deferred Retirement," requesting an annuity through the CSRS.

In October 2010, OPM issued a final decision finding that because Wade was not a current federal employee and had received a refund of his retirement deductions, he was not eligible to redeposit his funds or to receive CSRS annuity benefits. The administrative judge affirmed this decision, *Initial Decision*, slip op. at 7, and the Board

denied Wade's petition for review, making the decision of the administrative judge the final decision of the Board, *Final Order*, slip op. at 3. The Board agreed that Wade was ineligible to make a redeposit because he did not meet the relevant statutory and regulatory requirements. *Id.*, slip op. at 2. The Board also found that it need not consider Wade's argument, raised for the first time on appeal, that OPM Form 1425 failed to provide adequate notice of the consequences of securing a refund, but noted that even considering this argument, Form 1425 was "clear enough" and that "OPM cannot be estopped from denying the appellant's application for redeposit based on an alleged lack of clarity in OPM Form 1425." *Id.*

Wade timely petitioned for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

Wade raises two arguments on appeal. First, he argues that the Board erred in finding that he is not an "employee" eligible to redeposit his retirement deductions under the applicable statute and regulations. 5 U.S.C. § 8342(a) specifies that the receipt of a "lump-sum credit" for retirement benefits "voids all annuity rights . . . until the employee . . . is reemployed," except as provided in section 8343a (which governs alternative forms of annuities and is not relevant to this case) or 8334(d)(2). Section 8334(d) states that an employee "who has received a

refund of retirement deductions . . . may deposit the amount received, with interest" if the employee left government service before March 1, 1991, and "is entitled to an annuity [under the CSRS] which is based on service of such employee . . . and which commences on or after December 2, 1990." OPM is charged with implementing this paragraph, 5 U.S.C. § 8334(d)(2)(C), and the agency has issued regulations stating that "[a] person may make a deposit or redeposit under section 8334 . . . if he or she is an 'employee,'" where "employee" is defined as

> (1) A person currently employed in a position subject to the civil service retirement law; or

> (2) A former employee (whose annuity has not been finally adjudicated) *who retains civil service retirement annuity rights* based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part) in the Civil Service Retirement and Disability Fund.

5 C.F.R. § 831.112(a) (emphasis added).

Wade is not "currently employed" in the federal service, but he argues that the inclusion of "former employee[s]" in this definition "supports redeposit by separated employees who have covered service." Pet'r's Br. 5. However, the text of this regulation does not support his interpretation. We have previously interpreted 5 C.F.R. § 831.112(a) to "allow[] a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Thus, the Board did not err in concluding that Wade is not an "employee" within the meaning of 5 U.S.C. § 8334(d) and 5 C.F.R.

§ 831.112(a), and that Wade is currently ineligible to redeposit his retirement deductions.[1]

Wade's second argument, which was raised for the first time before the full Board, is that he did not receive proper notice of the loss of future annuity rights when he requested a lump-sum payment of his retirement benefits in 1988. In particular, he argues that "OPM form 1425 was defective" because the statement about forfeiture appeared on the back of the form, rather than "in or above the signature block." Pet'r's Br. 6, 8.

This argument is without merit. Only in unusual circumstances will lack of notice void an election. *See Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1573 (Fed. Cir. 1995). The front of OPM Form 1425 clearly states, "See the back of this form for important information concerning your application for refund of retirement deductions and for a Privacy Act statement," as well as "*SEE BACK FOR MORE INFORMATION*." The back of the form contains a bolded "**Notice to Applicant**," and the first note reads: "If you have more than 5 years of service, you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed subject to the Civil Service Retirement System law." As in *Whitby v. Office of Personnel Management*, 417 F. App'x 967, 971 (Fed. Cir. 2011), the form

---

[1] Wade also argues that he is entitled to make a redeposit based on the text of OPM Standard Form 2803, which states that "[d]eposits and redeposits can be made by . . . separated employees who are entitled (or would be entitled after paying for service) to an annuity . . . ." We agree that this language is confusing, and OPM would be well advised to revise this form to more accurately track the statute, but we see no reason to alter the result based on this. There is no evidence that Wade relied on this form when making his initial decision to secure a lump-sum refund.

explicitly provided the relevant information, and was sufficiently clear to apprise Wade of the consequences of his refund.

For the foregoing reasons, we affirm the decision of the Board.

COSTS

No costs.