**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL J. MCMAHON,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
PH-0831-17-0313-I-1

DATE: May 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael J. McMahon</u>, Henryville, Pennsylvania, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that he had received a refund of his retirement deductions to the Civil Service Retirement System (CSRS) following his resignation from the Federal service.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was employed by the U.S. Postal Service until his resignation in February 1989. Initial Appeal File (IAF), Tab 6 at 15. According to records produced by OPM, he requested a refund of his retirement deductions that month, and OPM authorized the release of funds in two separate payments in March and October 1989. *Id.* at 12-16. In April 2017, the appellant applied for deferred retirement benefits. *Id.* at 6-11. OPM denied his request in May 2017, finding that he was not eligible to receive annuity benefits under the CSRS because he had applied for and received a refund of his retirement deductions. *Id.* at 4-5. He subsequently filed an appeal with the Board. IAF, Tab 1. Following a telephonic hearing, the administrative judge issued an initial decision affirming OPM's decision. IAF, Tab 14, Initial Decision (ID) at 1, 6.

¶3        On review, the appellant repeats his assertion that he does not remember receiving the refund checks authorized by OPM more than 28 years prior. Petition for Review (PFR) File, Tab 1 at 4. He notes that the Application for Refund of Retirement Deductions (OPM Form 1425) in the record containing his

signature also contains a signature from an agency official indicating that the agency had received a Standard Form 2802 (SF-2802) regarding the refund request, which cannot be retrieved. *Id.* Regarding the issue of whether he received notice of the consequences of receiving a refund of his retirement deductions to a future annuity, the appellant argues that the administrative judge erred in "thinking that everyone receives the proper documentation when they resign or retire from a job." *Id.* Finally, he asserts that there was no "paper trail of evidence on the agency's part" to prove that he received the refund of his retirement deductions and that a reasonable person would believe that he had not received the refund. *Id.* at 5.

¶4        For the reasons set forth in the initial decision, the appellant has failed to show by preponderant evidence[2] that he is entitled to the CSRS annuity he seeks. ID at 2-6; *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). Although he argues that OPM has not provided documentary evidence showing that he received the refund checks, the appellant bears the burden of proving nonreceipt of refunded retirement deductions and he has failed to do so. PFR File, Tab 1 at 5; *see Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶ 12 (2006). OPM's normal business records showing the appellant's application for a refund of his retirement deductions and OPM's authorization of the two refund checks are entitled to substantial weight. *See Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table). The administrative judge found that the appellant's testimony that he did not recall requesting or receiving a refund, despite acknowledging that his signature was on the application form, did not overcome OPM's evidence regarding the refund. ID at 4; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460 (1987). The administrative judge made a reasonable

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

credibility determination based on a review of the record as a whole, and we find no basis to disturb it on review. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). The appellant's reference on review to an alleged additional SF-2802 completed with his request for a refund of his retirement deductions provides no basis for disturbing the administrative judge's explained findings giving substantial weight to OPM's business records. PFR File, Tab 1 at 4.

¶5 As noted in the initial decision, the record is unclear whether the copy of OPM Form 1425 signed by the appellant contained the reverse side with notice language regarding the forfeiture of his annuity rights and neither party produced a copy of the reverse side. ID at 5. To the extent that the appellant argues that the administrative judge's reference to the description of the contents of OPM Form 1425 in the unpublished opinion in *Wade v. Office of Personnel Management*, 466 F. App'x 886 (Fed. Cir. 2012), constituted a finding that the form he completed contained this notice language, he mischaracterizes the initial decision. PFR File, Tab 1 at 4; ID at 5. The administrative judge made no finding in the initial decision whether the appellant received notice of the consequences of obtaining a refund of his retirement deductions. ID at 4-5. Rather, the administrative judge correctly found that it was immaterial whether the appellant received such notice or the agency provided him an outdated form. ID at 5-6 (citing *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 13 (2008); *Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992), *aff'd*, 19 F.3d 40 (Fed Cir. 1994) (Table)). The appellant requested and received a refund of his CSRS retirement deductions and is not a current Federal employee making retirement deductions. Therefore, he is not entitled to receive an annuity or redeposit his withdrawn deductions. *See* 5 U.S.C. §§ 8334(d)(1), 8342(a). Federal retirement law does not provide an exception based on insufficient or misleading information about the consequences of applying for and receiving a refund of retirement deductions, and the Board

lacks the authority to award an annuity based on such equitable considerations. *See Conway v. Office of Personnel Management*, 59 M.S.P.R. 405, 412 (1993); *Danganan*, 55 M.S.P.R. at 269; *Mahan v. Office of Personnel Management*, 47 M.S.P.R. 639, 641 (1991).

¶6   Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, <u>582 U.S. 420</u> (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.